## HENDRICKS, Ex'r, *vs.* THORNTON.

[ACTION BY EXECUTOR AGAINST REMOVED CO-EXECUTOR, ON CONTRACT CRE-
ATED BY SALE OF PROPERTY OF ESTATE BY THEM, AND PURCHASED BY
ONE WITH THE CONSENT OF THE OTHER, WHILE THEY WERE CO-EXECU-
TORS.]

1. *Executor; when may maintain action against co-executor, after removal.*
An executor may maintain a suit at law against one who was his co-executor, but who had been removed before the commencement of the suit, to recover the purchase money of property bought by the latter executor at a joint sale made by them, the payment of which became due before his removal.

2. *Promissory note; what sufficient to ascertain plaintiff's demand and to authorize recovery by executor.*—A note made payable to "the estate of Thomas A. Thornton," and signed by the party to be charged, is a written contract, ascertaining the demand, and is evidence of the ex-

istence of a debt which the executor may recover as assets of the estate.

APPEAL from Circuit Court of Bullock.
Tried before Hon. J. McCALEB WILEY.

This was an action brought by the appellant, as executor of the estate of Thomas A. Thornton, deceased, against the appellee, Thornton.

The original complaint, in the form given in the Revised Code, contained three counts, based on as many promissory notes, made by the appellee, Thornton ; one of the notes being payable " to the estate of T. A. Thornton, deceased," and the other two payable " to the estate of T. A. Thornton, or bearer." The court sustained a demurrer to each count of the complaint, and plaintiff excepted ; whereupon plaintiff amended his complaint by adding the common counts. The defendant filed a special plea in answer to the common counts, in substance as follows : " That at the time of making the promises and the creation of the indebtedness named in the complaint, both plaintiff and defendant were co-executors of said Thornton, deceased ; that the indebtedness mentioned, arose from a sale by the plaintiff and defendant as co-executors, &c., of property belonging to said estate, and that at such sale defendant, who was then one of the executors, &c., with the consent of his co-executor, the present plaintiff, purchased property belonging to said estate, on a credit of twelve months ; that defendant continued to be executor of said estate long after said indebtedness, according to the terms of the sale, became due and payable, &c."

The plaintiff demurred to this special plea, ( among other grounds assigned,) because, 1st, the plea does not aver that defendant has ever been charged with said indebtedness on any settlement made with the probate court, or any other court or person whatsoever ; 2d, the plea does not deny that defendant had ceased to be executor at the commencement of this suit ; 3d, the facts alleged in the plea show an indebtedness from the defendant for property purchased by him, and do not show that the

plaintiff is not the only proper party plaintiff, or that the plaintiff can not maintain this suit.

The court overruled the demurrer, and plaintiff excepted ; and thereupon the plaintiff replied to said special plea, said replication being in substance as follows : " That upon due and legal and proper proceedings instituted in the probate court of Bullock county, (which court had jurisdiction, &c., of said estate,) and by virtue of an order of said court, &c., defendant was removed as executor of said estate, on the 14th of September, 1868, and since that time plaintiff has been, and now is, the sole executor of said estate ; that before commencement of this suit, on the 20th of December, 1867, defendant promised to pay plaintiff, as executor, the amount of the indebtedness in said complaint mentioned, in consideration that plaintiff would agree and consent for defendant to cultivate certain lands belonging to said estate during the year 1868 ; that defendant did occupy and cultivate said lands during said year ; that defendant has never made any settlement, as said executor, with the probate court, and has never been charged with said indebtedness mentioned in the complaint, &c." Attached to this replication was a copy of the proceedings in the probate court, and the order removing said executor. These proceedings seem in every respect regular.

The defendant demurred to the replication, assigning, among other grounds therefor, 1st, that the order removing defendant as executor, &c., shows on its face that it is void ; 2d, that the promise in the replication set forth is shown to have been illegal and void.

The court sustained this demurrer, and plaintiff excepted, and having reserved his objections to the ruling of the court, took a non-suit, &c.

The various rulings of the court to which exceptions were reserved, are now assigned for error.

STONE, CLOPTON & CLANTON, for appellant.—No cause of demurrer will be considered unless specially specified. *Morton v. Bradley*, 27 Ala. 640.

It is not necessary, in order to sustain the sufficiency of

the special counts, that the causes of action therein set forth shall be, technically, *promissory notes*. It is true, the pleader styles them promissory notes, but the causes of action are substantially set forth, and the legal issue is not whether the pleader has correctly named the causes of action, but, whether they constitute valid claims or agreements upon which the plaintiff, as executor, can maintain a suit against the defendant.

The general definition of a promissory note is, that it is an engagement by one person to pay another person at all events a certain sum of money at a time specified therein. The objection made to the causes of action set forth in the complaint is, that they are promises to pay, not a person, but an estate, a thing. It is admitted that they possess all the other elements of promissory notes.

The rule, that it must be a promise to pay a person therein named, has been subjected to some modifications by way of explanation or otherwise.

Thus, a note payable to a fictitious payee, or to bearer, is a good note; and in Story on Prom. Notes, § 36, it is said, "The general rule of our law as to the person to whom a note is payable, must be understood with proper limitations and qualifications. It is not necessary that the name of the payee should expressly be stated on the face of the note, but *it will be sufficient if from the language used the person can be certainly ascertained.*" "*Id certum est quod certum reddi potest.*" Tested by this rule, these instruments are good notes, for, by contemplation of law they are payable to the representative of the deceased, who can be certainly ascertained. The case in Barbour's Reports which holds to the contrary, is not authority, because—1st, It is in conflict with the rule above quoted; 2d, It is not a decision of the court of appeals. But if not valid as promissory notes, they are valid as agreements, for non-performance of which an action may be maintained; and in this view the demurrer should have been overruled.—*Storm v. Stirling*, 28 Eng. Law and Eq. 108.

The demurrer to the *special plea* should have been sustained, unless the indebtedness due to the estate by one

executor is held to be paid as against his co-executor. This is the principle contended for by the counsel for appellee. We insist that it is considered paid as *against himself*, but not as against heirs, legatees, or co-executors. It is at their election to say whether or not they will consider it paid.

In *Childress v. Childress*, 3 Ala. 752, this court held, it is true, that if an executor purchases a part of his testator's estate, he is, after the expiration of the term of credit, chargeable with the amount as cash. The reason assigned is, that he is the party both to pay and receive, and can not sue himself,—See, also, *Duffie v. Buchanan*, 11 Ala. 27. In both of these cases, the executor indebted was the sole executor, and it was upon a settlement of his accounts, in which the distributees were insisting upon thus charging him.

But, in *King v. Shackelford*, 13 Ala. 435, it was held that one executor, being also a creditor, can file his petition in the probate court for a settlement, and obtain a decree against his co-executor for the amount of a note given for property purchased. This clearly shows that the note is not paid as against the co-executor. We insist, then, the sole question involved is one of *parties*, of *remedy ;* and, if it is necessary that the defendant shall be a party plaintiff in a suit to recover the indebtedness, then no action can be maintained ; but, if the defendant is not a necessary party plaintiff, then an action may be maintained. This position is sustained by the case of *Hampton v. Shehan*, 7 Ala. 295, in which a demurrer to a plea similar to the special plea in this case, it was said, should have been sustained. This case decides both questions : that an action can be maintained when the defendant, or the principal debtor, is not a necessary plaintiff ; and that the debt is not paid as against co-executors. In the case of *Chandler v. Shehan*, 7 Ala. 251, it was held, that an action can not be maintained against the surety when the principal debtor, in his character of joint executor, is one of the plaintiffs. These two cases compared, show clearly that it is a question of parties merely, and that the suit can or can not be maintained, as the defendant is not or is a necessary plain-

tiff. The same principle is held in a case where one payee is also one of the joint makers of a note.—*Willis v. Neal,* 39 Ala. 464.

Upon these authorities, we insist that the demurrer to the special plea ought to have been sustained.—*Lacy v. LeBruce,* 6 Ala. 904.

But, it is said that one executor can not relieve himself from liability by payment to his co-executor, as decided in *King v. Shackelford,* 6 Ala. The special replication, however, shows that the defendant had been removed, and had ceased to be executor. Hence, he would not have been a proper plaintiff in any suit to recover assets of the estate, and the reason of the above rule fails—that is, that he has equal authority, and is liable if he consents to the receipt of assets by his co-executor. But, under our statutes, upon his removal the right to the entire assets vested in the plaintiff as the remaining executor; he alone was authorized to receive payment of a debt due the estate, and any delivery of assets or payment of money to him by the removed executor would have been a discharge *pro tanto,* upon his settlement.—Rev. Code, §§ 2433, 2237.

A final settlement by the removed executor is not the only mode by which he may be held to account for a debt due by him personally to the estate. Section 2238 of the Revised Code provides, that proceedings under that article do not prevent any action by the remaining executor for property remaining in the hands of the removed executor, or other causes of action.

If a final settlement is the only mode, and there is a surety upon the debt, the surety could not be charged upon the final settlement; hence the anomalous case, that an action can be maintained against the surety, and not against the principal debtor.

Again; the remaining executor is bound to the legatees for the debt, and if he is compelled to wait for a final settlement, and, as in this very case, the removed executor is about to leave the State, he is without remedy to protect himself.

The replication also avers an express promise by the defendant to pay the plaintiff, and an action can be main-

tained on this express promise.—*Phillips v. Phillips*, 1 Stew. 71; which is cited and affirmed in *Hampton v. Shehan*, 7 Ala. 297.

Hence we insist that the court erred in sustaining the demurrer to the replication. There arises no difficulty from the suggestion that the defendant may have disbursed or expended money on account of the estate, which a court of law could not adjust, for these reasons : 1st, No plea of set off was filed; 2d, If there had been any payments made by him as executor on account of the estate, being in his right as executor, can not be set off in a suit against him individually, (*White v. Word*, 22 Ala. 444); 3d, If such payments were made, his remedy is in equity.

WATTS & TROY, *contra.*—One of the causes of demurrer to the complaint is, that the complaint shows no cause of action against the defendant in favor of the plaintiff. We say that it requires two persons, either *natural* or *artificial*, to make a contract. The " estate " of a dead man is neither an *artificial* or a natural person—it is a *thing;* and a note payable to a thing, unless the thing is a body corporate, is void ; or if it be not void, it is certainly not a promissory note, and no recovery can be had on such an instrument, and the allegations of this complaint.—See *Little v. Thomas et al.*, 30 Miss. 124, which is precisely like the one at bar ; also *Lyon v. Marshall*, 11 Barber, 248 ; Parsons on Notes and Bills, vol. 1, p. 34, and note O ; see Story on Promissory Notes, §§ 33, 35, particularly the latter section ; *Ewing v. Medlock*, 5 Por. 89 ; *Bumpass v. Richardson*, 1 Stew. 16 ; *Prewett v. Chapman*, 6 Ala. 86 ; *Madison College v. Burke*, 6 Ala. 494.

It is well settled at common law, and by the decisions in Alabama, that one co-executor cannot maintain an action against his co-executor on any contract, express or implied, made by one of them as payor or obligor, and both as payees or obligees.—See *Chandler v. Shehan*, 7 Ala. 231; *King v. Shackelford*, 6 Ala. 423; *King v. Shackelford*, 13 Ala. 4.5.

If the notes payable to the estate of Thomas A. Thornton could be considered as payable to *both* the executors, viz : Hendricks and the defendant, then the law presumes

the money, on the maturity of the contract, to be in the hands of the maker of the note. Being both *payee* and *payor*, and thus not being able to sue himself, the *absolute presumption* is that he pays himself *eo instanti* on the maturity of the contract; and he is chargeable with the money due on such contract in the settlement of his accounts as executor. —See *Childress v. Childress*, 3 Ala. 752; *Chandler v. Shehan*, 7 Ala. 251; *King v. Shackelford*, 6 Ala. 423; *Edmunds v. Crenshaw*, 14 Pet. 166; *King v. Shackelford*, 13 Ala. 435: *Purdom v. Tipton et al.*, 7 Ala. 914.

When the obligation to pay and the right to demand pay co-exist, *even for a moment in the same person*, the law presumes *that the debt is paid;* and if the payor be one of the payees, as executor of an estate, he will be charged in his settlement of his administration with the amount he so owes the estate.—See *Whitworth's Distributees v. Oliver*, 37 Ala. 293; see particularly what is said in the 5th paragraph of this opinion, on page 293, and the authorities there cited.

The only way in which the plaintiff in this suit could have maintained a suit against his co-executor was, to have shown that he, Hendricks, had made a settlement of his administration, and had been charged, *on such settlement*, with the amount Thornton, the defendant, had bought at the sale; and *then* he could have maintained a suit in his *individual name*, but *not as representative of the estate.*—See *Tompkins et al. v. Reynolds*, 17 Ala 109; *Waldrop v. Pierson*, 42 Ala. 637.

In the last case (32 Ala. 637) above cited, Judge Walker distinctly places the right of the plaintiff to recover (he had brought the suit in his *individual name*,) on the ground that *the co-administrator* plaintiff had made final settlement of *his* administration, and had been charged *with the note*, and had thus acquired the complete *equitable* right to it, and could, therefore, maintain the action in *his own individual name*, against the maker of the note.

The foregoing views and authorities clearly show that the demurrer to the plea was properly overruled, and the demurrer to the replication was properly sustained.

The replication did not show that Hendricks had ever

made *settlement and been charged with the amount of the pur-chase-money for the property bought by his co-executor.* Had he shown this, it would have given him a right, perhaps, to recover in his individual *name.*

Wm. A. Thornton was held to account on his settlement in the probate court, for these purchases, and his sureties were liable, therefore, for so much money collected by him, belonging to the estate.—See *Purdom v. Tipton,* 9 Ala. 914; *Whitworth v. Oliver,* 39 Ala., *supra,* and the numerous authorities cited therein to this point.

But the replication to the plea was not good, for other reasons. It avowed that the defendant had been removed from the administration. If this removal was valid, not void, then it follows that Wm. A. Thornton either made a settlement with the probate court of his administration, and was charged with this money on such settlement, or *that he is liable to be charged therewith, whenever he does make the settlement.* He is liable to be so charged on such settlement as so much money collected by him belonging to the estate.—See the authorities, *supra.*

On such settlement with the probate court, the defendant would be entitled to credits for debts paid, and other moneys paid for the use of the estate, and for commission, &c. If the plaintiff, his co-executor, can recover in *this suit,* the defendant would be deprived of *all these payments and commissions, unless the court* trying the same can undertake to settle his administration of the estate. This it can not do ; and it follows that the probate court alone is competent to do justice, by compelling a settlement of Thornton's administration, and on the settlement he can have allowance for proper credits.

If the attempted removal was *void,* then, he still remained as administrator of the estate, at the commencement of the suit, and could not be sued by his co-administrator on the notes, or on the indebtedness shown by the plea.

The recitals in this record are not sufficient.—See *Bloodgood v. Hartley,* 16 Ala.

The promise alleged to have been made by the defendant to the plaintiff was without *consideration* and void. The promise to his co-executor could not have been sued on,

and Thornton had as much right to be in possession of the land of the estate as Hendricks. If the renting was at private sale, or without an order of the court regularly obtained, it was illegal and void, and no rent could be recovered thereon.—*Fambro v. Gantt*, 12 Ala. 298. There is no order of court alleged in the replication. But the promise stated in the replication was a *departure* from the original cause of action, and if it furnished any cause of action it was a *new* one, and ought to have been declared on as such.

But the promise to pay, alleged in this replication, is alleged to have taken place in December, 1867; and the same replication shows that the defendant was not removed until September, 1868. At the time of this promise, Thornton, defendant, and the plaintiff were both executors of the estate. Thornton had as much right to the lands of the estate as the plaintiff; his possession, therefore, could not be any consideration of a promise to his co-executor.

Besides, Thornton is liable to be charged in his settlement with the rent of the land he has occupied, just as well as with the value of the property he bought at the sale.

All these matters can be settled in the probate court, on Thornton's settlement of his administration; and the circuit court has no right to settle the n either directly or indirectly. To allow the plaintiff to recover in this suit would make Thornton liable twice,—liable to the heirs and distributees on his settlement, as well as to his co-administrator.

If he were voluntarily to pay over this money to Hendricks, his co-executor, and his co-executor were to waste it, the payment would be no discharge to Thornton.—See *Edmunds v. Crenshaw*, 14 Peters, before cited; *King v. Shackelford*, 6 Ala., *supra*.

Now, will the court compel him to do that which would be no protection to him in the probate court? Compel him to account to his co-executor, when he can only account in the probate court with the heirs and distributees?

Besides, the facts set forth in the plea show a full payment of the indebtedness to one authorized to receive it,

viz : the defendant himself,—he being, at the maturity of the indebtedness, an executor, and had a right to collect the debts of the estate.

B. F. SAFFOLD, J.—The important issue between the parties to this suit is, whether an executor can maintain a suit at law against one who was his co-executor, but who had been removed before the commencement of the suit, to recover the purchase-money of property bought by the latter executor, at a joint sale made by them, the payment of which became due before his removal.

It is very clear that one executor or administrator is not accountable to his co-administrators for assets or property of the estate which have come into his hands ; and also that an executor and his sureties are liable for the price of property of the estate bought by him, which becomes due during his administration, as assets collected.—*Chandler et al. v. Shehan,* 7 Ala. 251.

The reasons in support of the first proposition cease when the indebted executor is removed. When an executor or administrator dies, resigns, or is removed, and there is another, no other must be appointed. The remaining one becomes the successor, and is entitled to all of the assets unadministered. The decree must be in his favor for the amount found due from his removed co-executor.—Revised Code, §§ 2040, 2044, 2233. Notwithstanding an executor or administrator is required to settle his accounts within one month from his removal, and any decree against him must be in favor of the continuing representative, the latter is not precluded from any other action for any property remaining in his hands, or for any other cause of action.—Revised Code, 2238. Any disadvantages to which the removed executor might be subjected by a suit at law could readily be avoided by him by an immediate settlement of his accounts in the probate court. The filing of his accounts for settlement would be a bar to a suit at law subsequently commenced.

The notes made by the appellee, payable to the estate of Thomas A. Thornton, were written contracts, executed by the party sought to be charged, and are evidence of the

existence of a debt which the appellant, as the plaintiff, was entitled to recover as assets of the estate he represented.—Revised Code, 2681. They also ascertained the plaintiff's demand.

The court erred in sustaining the demurrer to the complaint, and in overruling the demurrer to the defendant's special plea.

The judgment is reversed, and the cause remanded.