Filed Sept. 15, 1885.

———————— ✦ ————————

No. 12,185.

## BROWN ET AL. *v.* BROWN.

CONTRACT.—*Equitable Mortgage.*—*Foreclosure.*—*Payment when Time not Fixed by Contract.*—An instrument designated "memoranda of contract," signed by S. B. and wife and E. B., provided that S. B. had previously obtained $3,000 from E. B., with which he purchased certain described land, "the use and control of which we do hereby turn over to the said" E. B. "until sold, and when sold the $3,000 above named, and one-half of the advance over, together with the $3,000 that may be obtained on the sale of said land, we will pay to" E. B. It was stipulated that S. B. should put $200 worth of improvements on the land, and that E. B. should pay the taxes and keep the farm in as good repair as when received; that in case E. B. should die "before the sale of the farm and the cancelling of this paper," then the $3,000 should be a gift to S. B., and the paper should be void. S. B. died without making the improve-

ments or selling the land. Action by E. B. on the contract, with a prayer that the land be ordered sold and his claim paid out of the proceeds.

*Held,* that the instrument set out is an equitable mortgage, and that E. B. is entitled to have the land sold to pay the debt evidenced by it.

*Held,* also, that as no time was fixed for the payment of the money, the law made it the obligation of S. B. to pay it within a reasonable time.

From the Montgomery Circuit Court.

*P. S. Kennedy, S. C. Kennedy, M. W. Bruner* and *E. C. Snyder,* for appellants.

*R. B. F. Peirce, W. T. Brush, T. H. Ristine* and *H. H. Ristine,* for appellee.

ELLIOTT, J.—The complaint of the appellee sets forth the following contract:

"January 29th, 1879.

"Memoranda of contract between Solon H. Brown, of the first part, and Elijah C. Brown, of the second part. This is to certify that we, of the first part, did obtain of Elijah C. Brown, of the second part, three thousand dollars, part in a claim against John S. Gray of $2,640, and the remainder in his own paper, with which we did purchase of the said John S. Gray and others, the following described tract of land in Montgomery county, Indiana, known as the 'Folse farm,' and described as follows: The west half of the west half of the southwest quarter of section thirty-five (35), in township nineteen (19) north, range six (6) east; and also the east half of the southeast quarter of section thirty-four (34), in township and range aforesaid, together containing one hundred and twenty acres. The use and control of which we do hereby turn over to the said Elijah C. Brown, of the second part, until sold, and when sold the $3,000 above named and one-half of the advance over, together with the said $3,000 that may be obtained on the sale of said land, we will pay to Elijah C. Brown, of the second part; and, also, we, of the first part, do herein agree to put on said lands two hundred dollars ($200) worth of improvements in clearing, fencing

and ditching (when deadening gets in suitable condition), and that we, Elijah C. Brown, of the second part, herein agreeing, shall pay the taxes on said lands and keep the farm in as good repair as when received. And in case that the said Elijah C. Brown, of the second part, shall decease before the sale of the farm and the cancelling of this paper, then the three thousand dollars named above shall be and is hereby a gift to the said Solon H. Brown, of the first part, and this paper shall become null and void.

"In testimony whereof we do hereunto subscribe our names respectively the day and year above named.

"(Signed) . Solon H. Brown.
"Mary J. Brown.
"Elijah C. Brown."

It is alleged that Solon H. Brown died testate, in January, 1883, leaving surviving him the appellants as his only heirs; that prior to his death the testator borrowed of the appellee the $3,000 mentioned in the written contract, for the purpose of purchasing the land therein described. It is also alleged that, on the 29th day of January, 1879, Solon H. Brown, becoming dissatisfied with his purchase of the land, on account of his inability to pay the notes which he had executed to secure the $3,000 borrowed of the appellee, executed the written contract. It is also averred that the appellee has performed his part of the contract, and that the testator and Mary J. Brown have failed to perform their part, in that they have not expended $200 in improvements; that the real estate has not been sold. Prayer that the plaintiff be decreed to have an equitable interest in the land; that it be ordered sold, and that the appellee's claim be paid out of the proceeds of the sale.

The case is a peculiar one, but we think the facts stated entitle the appellee to relief. The instrument is badly drawn and was evidently prepared by an unskilful person, but it is not meaningless.

A cardinal rule in the construction of contracts is, that they

shall be given effect if possible, and the intention of the parties carried into execution. In order to give this contract effect, it must be held that it evidences a debt due to the appellee, payable out of the proceeds of a sale of the land, and to effectuate the intention of the parties, it must be held that a sale of the land shall be made and the debt paid. The terms of the contract, and the circumstances under which it was executed, show that the appellee meant to hold the signers of the instrument liable for the money, and that they assented to this, and also agreed that the money borrowed should be paid out of the proceeds of a sale of the land. It further appears that the money was obtained for the purpose of purchasing the land, and that it was used for that purpose; it is, therefore, equitable that the money which bought and paid for the land should be repaid to the person who furnished it, and this, it is evident, was the intention of the parties. Counsel for the appellant say : "But it was earnestly insisted by counsel for appellee in the court below that the stipulation in the contract, viz., 'The use and control of which' (the land) 'we do hereby turn over to the said Elijah C. Brown of the second part, until sold, and when sold the $3,000 above named, and one-half of the advance over, together with the $3,000 that may be obtained on the sale of said land, we will pay to Elijah C. Brown, of the second part,' evinced a clear and unmistakable understanding that the land was to be sold. Standing alone this conclusion would seem reasonable. But, in construing a contract, reference must be had to the entire instrument. The intention of the parties to the contract is the thing to be ascertained. This can not be done by reference to a particular sentence or clause ; all the parts must be considered together. Tested by this rule, we think the conclusion erroneous." The argument of appellant's counsel does not meet the proposition of the appellee, for the clause quoted from the contract is consistent with all the other stipulations, and giving to it the construction claimed by the appellee makes the contract a complete and effective one; while any

other construction would practically nullify it and frustrate the intention of the parties.

It is true that no time is fixed for the payment of the three thousand dollars, but this, surely, does not relieve the debtor from his obligation. If a man promises to pay money borrowed of another, the failure to fix a time for payment does not invalidate the contract, for the law supplies the omitted element, and prescribes that payment shall be made within a reasonable time. So, here, the law entered into the agreement and made it the obligation of the debtor to pay the creditor within a reasonable time.

The instrument is not a lease; it has none of the features of a lease except that of possession, and that is a feature not peculiar to leases. The instrument is a mortgage, for it evidences a debt, contains a promise to pay it out of the land, and puts the land in the possession of the creditor until payment of the debt. It is not the usual mortgage, perhaps not a complete one, but it is sufficient to vest in the creditor a right to have the land, pledged to him and put into his possession, sold to pay the debt; in short, it is an equitable mortgage. 1 Jones Mortg., section 162.

What we have said disposes of all the questions in the case, and renders it unnecessary to discuss the rulings on the answers. Judgment affirmed.

