MAGGIE N. WRIGHT, joined by her Husband, GEORGE P. WRIGHT, *Appellants,* v. GEO. J. MERDES and LEAH B. MERDES, *his Wife,* and W. H. WRIGHT, *Appellees.*

Division B.

Opinion filed November 5, 1929.

Petition for rehearing denied December 7, 1929.

*Brown, Wood & Bowen,* for Appellants;

*Frank L. Butts,* for Appellees.

BUFORD, J.—In this case the record shows that W. H. Wright and George P. Wright are brothers; that W. H. Wright was residing in the State of Alabama and George P. Wright with his wife, Maggie N. Wright, near Homestead, in Dade County, Florida. W. H. Wright bought a piece of land in Dade county and under some sort of agreement between him and George P. Wright. It was provided that George P. should occupy, cultivate and improve the land and when it was sold they would each participate in the profits, in what proportion is immaterial in this case.

In 1925 W. H. began negotiations to sell the land and then he and George P. arrived at an agreement for the payment by W. H. to George P. for the services which had been rendered by George P. in cultivating and improving the property. It was agreed that George P. should have a bill of sale to certain personal property and in addition thereto that W. H. would pay him $3,000 in cash out of the cash

payment received for the land and would transfer to him two notes to be received from the vendee of the land for part of the purchase price for $3,000 each, one payable one year after date and the other payable two years after date, with interest at 8%. George P. agreed to accept this compensation in settlement for his services so rendered. It appears that the agreement of settlement, the sale and transfer of the property and the settlement under the agreement were all contemporaneous and interdependent transactions. The bill of sale was made and delivered. The lands were sold and conveyed. The cash payment was made and the mortgage to the vendor securing a part of the purchase price was executed to secure the payment of such balance evidenced by promissory notes. Two notes were made, one for $9,000 and one for $3,000 due one year from date; two other notes were made, one for $12,000 and one for $3,000, due two years from date. Another note was made falling due at a later date. All notes were payable to W. H. Wright. W. H., at the request of George P., assigned and endorsed the two $3,000 notes to Maggie N. Wright.

Default occurred in the payment of the first two notes, which, accorded to the terms of the mortgage, accelerated the maturity of all notes.

Maggie N. Wright, joined by her husband, filed bill to foreclose the mortgage to enforce the payment of two notes held by Maggie N. W. H. Wright was made party defendant. After demurrers had been overruled, decrees *pro confesso* were entered against George J. and Leah B. Merdes, the mortgagors. W. H. filed an answer and counter-claim and also joined in prayer for foreclosure of the mortgage as to the remainder of the notes held by him. After amendment of the answer and counter-claim, testimony was taken before a master and report made. The chancellor rendered final decree in the following language:

"This cause coming on to a final hearing on the bill of complaint, and the amended answer, and counterclaim of the defendant, W. H. Wright, the reply of complainant to said amended answer, decrees *pro confesso* against the defendants, Geo. J. Merdes and Leah B. Merdes, his wife, and the general master's report of the testimony and his findings thereon together with the exceptions thereto filed by the defendant, W. H. Wright, and after argument on said exceptions and being fully advised in the premises, the court finds:

1. That on the 12th day of July, 1925, the defendant, W. H. Wright, was the owner of the property described in the bill of complaint and was indebted to the complainant, George P. Wright, in the sum of $9,000.00 for past services rendered and improvements, made on said property, and in consideration of said indebtedness entered into an agreement in writing, which is attached to the master's report as complainant's Exhibit '4' in which he agreed to pay said indebtedness by the payment of $3,000.00 in cash on or before August 31, 1925; and by assigning to George P. Wright two promissory notes for the principal sum of $3,000.00 each, payable, one, on or before September 1, 1926, and one, on or before September 1, 1927, to be given by Geo. J. Merdes to W. H. Wright, as part of the purchase price of said property.

2. That defendant, W. H. Wright, sold the aforesaid property to defendant, Geo. J. Merdes and as part of the purchase price took from said Merdes his five promissory notes numbered 1 to 5, dated August 17, 1925, and for the principal sums and with the maturities respectively, as follows: No. 1 for $9,000.00 due one year after date; No. 2 for $3,000.00 due one year after date; No. 3 for $12,000.00 due two years after

date; No. 4 for $3,000.00 due two years after date; No. 5 for $15,000.00 due three years after date, aggregating the principal sum of $42,000.00.

3. That, pursuant to the agreement aforesaid and at the request of George P. Wright, W. H. Wright endorsed to Maggie N. Wright, the wife of George P. Wright, notes numbered 2 and 4 and retained notes numbered 1, 3 and 5.

4. That the notes held by complainant, Maggie N. Wright, were not paid when due nor within thirty days after becoming due and that said complainant exercised the option granted in the mortgage to declare the whole amount of principal and interest on said notes to be due and payable and employed her solicitor to foreclose the mortgage as to the notes held by her.

5. That on the date of the master's hearing, to-wit: on the 4th day of November, 1927, there was due to complaint on said notes the sums of $6,000.00 for principal, $865.28 for interest from February 17, 1926, to November 4, 1927, and $693.26 as a reasonable fee for her solicitor for his services herein, making a total due to complainant as of said date of November 4, 1927, in the amount of $7,558.54.

6. That the payments on the notes held by defendant, W. H. Wright, were not paid when due nor within thirty days after becoming due, and that said defendant exercised the option granted in the mortgage to declare the whole amount of principal and interest on said notes to be due and payable and employed his solicitor to foreclose the mortgage as to the notes held by him.

7. That on the date of the master's hearing, to-wit: on November 17, 1927, there was due to said defendant on said notes the sums of $36,000.00 for principal;

$5,295.73 for interest from February 17, 1926, to November 17, 1927, and $1,500.00 as a reasonable fee for his services herein, making a total due to defendant W. H. Wright, as of said date of November 17, 1927, in the amount of $42,795.73.

8. That the defendant, W. H. Wright, attached to the interrogatories propounded to him the original mortgage, together with the notes retained by him and secured thereby, and said interrogatories with said mortgage and notes attached thereto were returned to the office of the clerk of this court, but were lost in said clerk's office and by stipulation of counsel a copy of said interrogatories was submitted to the master and embodied in his report with the provision that the photostatic copies of the notes and mortgage attached to the bill of complaint certified by the clerk of this court to be a true copy from his record, should by reference become a part of said copy of said interrogatories.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED That the defendant, Geo. J. Merdes, do pay to the complainant, Maggie N. Wright, the sums of $6,000.00 for principal, $865.28 for interest to November 4, 1927, with interest from said date until paid, and the further sum of $693.26 as a reasonable fee for her solicitor for his services herein; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED That the defendant, Geo. J. Merdes, do pay to the defendant, W. H. Wright, the sums of $36,000.00 for principal; $5,295.73 for interest to November 17, 1927, with interest from said date until paid, and the further sum of $1,500.00 as a reasonable fee for his solicitor for his services herein, and if defendant, Geo. J. Merdes, shall fail to pay said sums or

either of them to complainant and to defendant W. H. Wright, within five days from the date of this decree,

IT IS FURTHER ORDERED, ADJUDGED AND DECREED That the said mortgaged premises, to-wit:

All that tract of land situate in Dade county, State of Florida, described as follows:

'The Northeast Quarter (NE¼) of the Northwest Quarter (NW¼) of Section Twenty-nine (29), Township Fifty-six (56) South, Range Thirty-nine (39) East, containing forty (40) acres, more or less,' be sold by James R. Cooper, General Master in Chancery, to whom said cause was heretofore referred, at public outcry before the south door of the county court house in Miami on a legal sales day between the legal hours of sale to the highest bidder for cash after advertising said sale once a week for four consecutive weeks in a newspaper published in Dade county, and in the event of such sale,

IT IS FURTHER ORDERED, ADJUDGED AND DECREED That the defendants, Geo. J. Merdes and Leah B. Merdes, his wife, and all persons claiming by, through or under them since the date of the filing of notice of *lis pendens* herein be and they hereby are forever barred and foreclosed of all right, title, equity and equity of redemption in and to said mortgaged property, and in the event of such sale and its confirmation by the court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED That said general master do execute and deliver to the purchaser his master's deed to said property and out of the proceeds of said sale that he pay:

1. The costs of this suit, including his fees and commissions.

2. To complainant for her solicitor's fee the sum of

$693.26, hereinabove found to be due as a reasonable fee for his services herein;

3. To complainant the amount of principal and interest due on the aforesaid note No. 2, for the principal sum of $3,000.00 due on or before one year after date; to defendant, W. H. Wright, for his solicitor's fee the sum of $375.00, said sum being one-fourth of the sum herein allowed for said fee, to defendant, W. H. Wright, the amount of principal and interest due on aforesaid note No. 1 for the principal sum of $9,000.00 due on or before one year after date, and if the proceeds of said sale shall not be sufficient to pay all of the sums in this paragraph mentioned then to pay one-fourth of said proceeds to complainant and the balance to defendant, W. H. Wright, for his solicitor's fee and principal and interest as aforesaid;

4. To complainant the amount of principal and interest due on the aforesaid note No. 4 due on or before two years after date for the principal sum of $3,000.00; to defendant, W. H. Wright for his solicitor's fee the sum of $500.00, said sum being one-third of the total sum herein allowed for said fee, to defendant, W. H. Wright, the amount of principal and interest due on aforesaid note No. 3 due on or before two years after date for the principal sum of $12,000.00 and if the proceeds of said sale shall not be sufficient to pay said sums in full, then to pay one-fifth of said proceeds to complainant and the balance to defendant, W. H. Wright, for his solicitor's fee and principal and interest as aforesaid.

5. To defendant, W. H. Wright, for his solicitor's fee the sum of $625.00, said sum being the balance of the sum of $1,500.00 herein allowed for said fee and being fifteen thirty-sixths of said fee, and to defendant

W. H. Wright the amount of principal and interest due on the aforesaid note No. 5 due on or before three years after date for the principal sum of $15,000.00.

6. In the event that the proceeds of such sale are insufficient to pay all of the amounts hereinabove ordered to be paid, then the said master shall apply the proceeds of sale in the manner and order and in accordance with the priorities hereinabove named, so far as the same shall reach.

And in the event of a balance remaining out of the proceeds of said sale after the payments hereinabove ordered have been made,

IT IS FURTHER ORDERED, ADJUDGED AND DECREED That said general master do pay said balance into the registry of this court subject to the further orders of the court and that he make to the court a full and complete report of all his acts and doings herein.

IT IS FURTHER ORDERED AND DECREED That this decree do operate as a ruling on the aforesaid exceptions to the master's report herein.

DONE AND ORDERED at Chambers, Miami, Florida, this 22nd day of May, A. D. 1928.''

There is substantial evidence disclosed by the transcript to sustain the findings of the chancellor. We find no reversible error in the chancellor's ruling on exceptions to the master's report.

It appears that the chancellor applied the proper legal principles in determining the rights of the parties.

This Court, in the case of Wilson & Herr v. Hayward, 6 Fla. 171, say:

''In case of a mortgage to secure notes payable at different periods the note which first falls due has the

prior right to be satisfied out of the mortgaged property, unless there is some peculiar equity attached to the notes of subsequent date, and so as to the other notes.''

This rule was referred to with approval in Polk County National Bank v. Barrah, 52 Fla. 581, 42 So. R. 323, and again in Kissimmee Everglades Land Co. v. Carr, 88 Fla. 387, 102 So. R. 335. In the latter case, the Court say:

''Whereas series of notes are secured by mortgage, such notes, in foreclosure proceedings in equity, will not be ordered paid in the order of their maturity if equitable considerations require a different order of payment.''

In the instant case there are no equitable considerations which require a different order of payment other than that which was adopted as the rule by this Court in the case of Wilson & Herr v. Hayward, *supra*. The contract between the parties shows that George P. accepted from W. H. two notes for $3,000 each in payment of $6,000 indebtedness. It was agreed that he should have notes of certain maturities and so taking and accepting such notes, he was entitled to enjoy such priorities as to the whole sum secured by the mortgage which such maturities would confer upon him, and the legal right to such priorities passed to Maggie N., who was the legal holder of the notes, but who held the legal title to the same only in trust for George P.

Maggie N. and George P. filed notice of appeal on assignments of error. W. H. assigned cross assignments of error.

In short, Maggie N. and George P. contend that the assignment of the two notes by W. H. to Maggie N.

vested in Maggie N. the right of priority in payment and satisfaction of the two notes before W. H. would be entitled to any of the proceeds from the sale of the mortaged property under foreclosure. W. H. contends that the assignment and endorsement of the notes to Maggie N. was without consideration, which contention was without merit, as the notes were assigned and endorsed by him in payment of an existing debt, at the direction of the creditor. W. H. further contends that Maggie N. and George P. are only entitled to a decree for an amount equal to one-seventh of the proceeds of the sale and that he is entitled to a decree for six-sevenths of the proceeds of the sale. The chancellor found otherwise and the record amply sustains his findings.

Under the rule as enunciated by this Court in the case of Brett v. First National Bank of Marianna, 120 So. R. 554; and Brooks v. Roberts, 120. So. R. 765, both of which opinions were filed during the January Term 1929 of this Court, neither the bill of complaint, the allegations of the answer, nor the proof support findings either for the appellants or appellees for solicitors fees.

For the reasons above stated the decree of the chancellor should be affirmed as to all matters except in so far as the same provides for the payment of solicitors' fees. The chancellor may allow the bill amended and receive proof of solicitors' fees and thereupon amend the decree to conform to his findings on such proof and in harmony with the opinion in the case of Blount Bros. Realty Co. v. Eilenberger, which opinion was filed in this Court on October 25th, 1929, in regard to solicitors' fees and when so reformed, if so reformed, the decree shall stand affirmed, and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.

## ON RE-HEARING

Opinion filed December 7, 1929.

BUFORD, J.—The appellees have requested a re-hearing upon the ground that the Court in its opinion gave permission to the chancellor to allow the bill to be amended and receive proof of solicitor's fees, but failed to state in the opinion that the chancellor might also allow the answer of W. H. Wright to be amended and receive proof of solicitor's fees.

We think that the opinion clearly indicates that the chancellor is permitted to allow all amendments and to receive all necessary proof incident to the determination of the question of solicitors' fees and as the determination of the chancellor as to the amount of solicitor's fees to be allowed, if any, must be arrived at upon consideration of the pleadings as amended and the proof as submitted applicable thereto, neither of which are now before this Court, it would not be proper for us to intimate what fees should or should not be allowed.

A re-hearing is denied.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.