Charles L. Holmes, for and on behalf of himself and for Jessie Hay, John David Leffel and wife Myrtle Leffel, *Appellants.* vs. Fred A. Dunning, *Appellee.*

Division A.

Opinion filed April 2, 1931.

Roy V. Sellars and Carey & Askew, for Appellants; Charles J. Schuh, for Appellee.

Buford, C.J.—In this case the appellants were defendants in the court below and decree pro confesso was properly

entered against each of them in a suit to foreclose a mortgage given to secure the payment of a certain promissory note. The note was dated St. Petersburg, Florida, May 28, 1926, was for the sum of $1100.00, payable one year after date to the order of "Ora Snow Estate". The mortgage was of the same date and named "Ora Snow Estate" as the mortgagee. Jessie Hay was the mortgagor and the maker of the note.

The appeal is from final decree in favor of the complainant who was assignee of the note and mortgage. The assignment was made by Theron C. Strickland and Lena M. Snow, co-executors of the estate of Ora Snow, deceased.

There is nothing in the record to show the identity of Ora Snow Estate. It is contended by the appellant here, against whom decree pro confesso had been entered, that the mortgage is void because it names a fictitious person as mortgagee. If we assume that Ora Snow had died and that the note and mortgage were given to evidence and secure an indebtedness such as is alleged in the bill of complaint, it would follow that the transaction constituted an equitable mortgage, although the written instrument relied upon might not be held in a court of law to be a valid mortgage. Reputable authority holds that, "an equitable mortgage may be constituted by any writing from which the intent to do so may be gathered." A contract in writing to secure a debt specified therein which the parties expressly declare their intention to create a lien by way of a mortgage upon real estate which is described in the written instrument, upon failure of conditions which are set forth in such instrument constitutes an equitable mortgage which on non-payment and breach of conditions may be foreclosed in a court of equity.

In Brown vs. Brown, 103 Ind. 23, 2 N. E. 233, it is held:

"Notwithstanding the obscurity and inartificiality with which a contract is drawn, if it is fairly open to the construction that it is an equitable mortgage, a court will so treat it, and decree a sale in accordance with the apparent intent, and a repayment, from the proceeds, of the money lent and which the instrument was given to secure."

In Dulaney vs. Willis, 95 Va. 606, 64 Am. St. Rep. 815, it is held:

"An equitable mortgage arises whenever a writing shows a clear agreement to make some particular property security for the debt or obligation mentioned therein.

Trust Deed imperfect, is an equitable mortgage.—A trust deed purporting to be executed for the purpose of securing a specified sum, but omitting the name of the trustees, is enforceable as an equitable mortgage."

In a note following this opinion in 64 Am. St. Rep. at page 818, we find the following:

"A lien created by contract and not sufficient as a legal mortgage, is generally regarded as in the nature of an equitable mortgage. The form of the contract is immaterial, provided the intent to create a security appears; Wood vs. Holly Mfg. Co., 100 Ala. 326; 46 Am. St. Rep. 56, and note; Bell vs Pelt, 51 Ark, 433; 14 Am. St. Rep. 57; Peers vs. McLaughlin, 88 Cal. 294; 22 Am. St. Rep. 306. See monographic note to Hutzler vs. Phillips, 4 Am. St. Rep. 696-708. A trust deed, though not sufficient to pass the legal title for want of a trustee, as a formal party, was held sufficient as an equitable mortgage in Bensimer v. Fell, 35 W. Va. 15; 29 Am. St. Rep. 774."

In this State it has been held, and is the rule, that where a mortgage is given to secure a note the mortgage security follows the note. First National Bank of Quincy vs. Guyton, et al, 72 Fla. 43, 72 Sou. 406.

In Peltier vs. Babillion, 45 Mich. 384, the Supreme Court of Michigan held:

"A note made payable to the "order of J. V. Mehling estate" and endorsed by the sole legatee who was also *executrix* was *held* valid and payable to the proper representative of the estate.

In an action on the common counts by the endorsee of a note made payable to a specified estate and endorsed by the sole legatee and executrix, its negotiability is unimportant, because if negotiable, it is indorsed by one who is presumed to hold the title to the estate, and if not, the assignee, under Michigan statutes, can sue on it in his own name."

In Hendricks vs. Thornton, 45 Ala. 299, the Supreme Court of Alabama held:

"A note made payable to "the estate of Thomas A. Thornton", and signed by the party to be charged, is a written contract, ascertaining the demand, and is evidence of the existence of a debt which the executor may recover as assets of the estate."

The proper execution and delivery of the note and mortgage by the mortgagor for valuable consideration is not denied. Neither was there any denial of the authority of the assignment to the holder who is the complainant bringing the suit. The note if made for a valuable consideration, which is not denied, was a binding obligation payable to the holder of the note and as the mortgage security followed the indebtedness, as evidenced by the note, there was no error in decreeing foreclosure, as was done by the chancellor.

The appellant challenges here the propriety of the decree insofar as it allowed attorney's fees.

There is no allegation in the bill of complaint nor any evidence to show that the complainant had any agreement

whatever with his solicitor as to the compensation he should receive for his services in the cause. It is ordered that the cause be, and the same is hereby remanded with directions to the chancellor to reform the decreé, by striking therefrom the provisions relating to the allowance of fees to complainant for his solicitor, and upon the decree being so modified and entered, that the same stand affirmed. See Brett vs. First National Bank of Marianna, 97 Fla. 284, 120 Sou. 554; Brooks vs. Roberts, 97 Fla. 374, 120 Sou. 765; Hatch vs. Trabue, 99 Fla. 1169, 128 Sou. 420; Wright vs. Merdes, 98 Fla. 859, 124 Sou. 448.

Affirmed with directions to reform the decree.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.