PER CURIAM.
Defendant, William Mason, appeals an order dismissing his first amended cross-claim for an equitable lien against certain realty which is being foreclosed.
In 1968, as a result of his wife’s death, William I. Collins (not a party to this appeal) became the owner of a one-half undivided interest in the real property involved in this litigation. Collins being indebted to the appellant, William Mason, for legal services rendered, on September 19, 1968 wrote a letter acknowledging that he owes Mason $6,770, which sum is a lien upon his interest in the subject property, and promising to pay Mason when the property is sold. Mason had the letter recorded. Subsequently, in 1975 the Internal Revenue Service levied on Collins’ one-half interest to pay for delinquent taxes. Paul Antonacci, appellee, purchased this one-half interest at a tax sale and received a deed of real estate from the IRS. Thereafter, Community Federal Savings & Loan Association filed a complaint to foreclose a mortgage on the property and named as defendants, inter alia, William Collins, William Mason and Paul Antonacci. Mason then filed an answer and an amended cross-claim to foreclose his lien and alleged that his was superior to any interest of Antonacci. Antonac-ci filed a motion to dismiss the cross-claim for failure to state sufficient facts to entitle *547 Mason to any type of lien on the property. After a hearing, the trial judge entered the appealed order dismissing with prejudice Mason's cross-claim.
The cross-claim fails to contain any allegation to the effect that the legal services were performed with respect to the subject property and, therefore, Mason is not entitled to an equitable or charging lien upon the property. See, e. g., Scott v. Kirtley, 113 Fla. 637, 152 So. 721 (1934); Billingham v. Thiele, 107 So.2d 238 (Fla. 2d DCA 1958), aff’d, 109 So.2d 763 (Fla.1959).
Nevertheless, as a result of the September 19,1968 letter, Mason has a claim to the extent of the amount of his legal services on one-half the sale proceeds to which the Collins’ ownership interest in the property may be entitled. See Guthrie v. Home Building & Loan Co., 116 Fla. 822, 156 So. 882 (1934). At this stage of the litigation it is not known whether there will be any proceeds due the Collins’ interest and, therefore, it is premature to eliminate Mason’s claim with respect thereto. We, therefore, reinstate Mason’s cross-claim with regards to the proceeds, if any, which may be due the Collins' one-half ownership interest pending the outcome of this foreclosure action.
Affirmed in part, reversed in part.