PER CURIAM.
Appellants filed a complaint seeking to establish an equitable lien on real property owned by appellees. Following the dismissal of the complaint, the appellants filed an amended complaint. The trial court dis *890 missed the amended complaint and appellants now appeal that order. We believe their arguments have merit and reverse.
In their amended complaint, appellants alleged that appellees were the owners of property which they assigned to appellants, California attorneys, as security for a $24,-000 debt for legal services and for amounts due in connection with truck leasing and operation.[1] They alleged that appellees had failed to pay various debts on demand. Unlike the complaint, the amended complaint did not allege an equitable lien on the land but referred to an equitable lien on the proceeds of any subsequent sale of the land. Nevertheless, the case must have been disposed of below upon the theory of an equitable lien upon the real property because in its order of dismissal the trial court found that appellants were not entitled to an equitable lien, citing Mason v. Antonacci, 342 So.2d 546 (Fla. 3d DCA 1977). Upon examination of Mason, we find language therein which supports the court’s ruling. However, we do not believe that Mason correctly states the law of Florida as our supreme court has expressed it.
In Margarum v. J. S. Christie Orange Co., 37 Fla. 165, 19 So. 637 (1896), a corporation executed a mortgage in favor of the appellant to secure a bond indebtedness the corporation owed to the appellant. The trial court dismissed the appellant’s complaint seeking foreclosure on the ground that the instrument had no subscribing witnesses and was, therefore, not properly executed. In reversing the trial court, the supreme court said,
. [T]here can be no doubt from the instrument itself that the parties designed it as a security for the payment of the bonds; and the court of chancery has often held that an equitable mortgage may be created by an unsuccessful effort to make a valid mortgage deed, or by pledging specific property for the payment of a debt.
37 Fla. at 171, 19 So. at 639. Accord, Holmes v. Dunning, 101 Fla. 55, 133 So. 557 (1931).
We think that here, as in Margarum, the assignment executed by appellees expressed an intent that the property named in the assignment serve as security for a debt. Therefore, even if the assignment was legally insufficient to create a lien or mortgage, it would serve to create an equitable lien.
The court in Mason v. Antonacci, supra, seems to limit the holding of Margarum to cases where the debt is in some way connected with the property subject to the lien. In other words, in the case at bar appellants would not be entitled to an equitable lien because they did not allege that the legal services or the trucking operations added to the value of the real property which was the subject of the assignment. However, we are unable to find any authority which supports the reasoning of Mason where, as here, there is a written agreement, and we decline to follow it.
Accordingly, we reverse the order of the trial court dismissing appellants’ amended complaint and remand the case for further proceedings consistent with this opinion.
HOBSON, Acting C. J., and GRIMES and DANAHY, JJ., concur.

. The assignment reads as follows:
ASSIGNMENT
* * * * * *
FOR VALUABLE CONSIDERATION, the receipt of which is hereby acknowledged, the undersigned do hereby assign to ROBERT P. AMACHER and BRIAN AMER (doing business as AMACHER & AMER, Attorneys at Law), all of our right, title and interest in and to the real property, or proceeds thereof, located in Hillsborough County, Florida, and described in that certain action known as OTTIS T. BEATTY ET AL. VS. ELSIE VIRGINIA KEEL ET AL., PARTITION — 75-7903.
This Assignment is given for security purposes, to secure a debt to AMACHER & AMER in the principal sum of $24,000.00, and it is understood and agreed that any cash received over and above said amount is reserved to ELSIE KEEL.
Dated this 25th day of February, 1976, at Downey, California.
/s/ Marcus Keel
MARCUS KEEL
/s/ Elsie Keel
ELSIE KEEL