THEODORE F. MARGARUM, ADMINISTRATOR, APPELLANT, VS. THE J. S. CHRISTIE ORANGE COMPANY, APPELLEE.

1. When an instrument, as shown by its own terms, is designed by the parties thereto as a security for the payment of money, it may be enforced as an equitable mortgage, though wanting in the formal execution of it as a legal mortgage. An equitable mortgage may be created by an unsuccessful effort to make a valid legal mortgage, or by pledging specific property for the payment of a debt.

2. Executors and administrators who produce probate of wills or letters of administration, duly obtained in another State, or a Territory of the United States, and properly authenticated under the act of Congress of May 26, 1790, are authorized to maintain actions in the several courts in this State under the same rules and regulations as other plaintiffs.

3. Trusts as to personalty upon the death of the trustee vest in his executor or administrator, upon whom devolves the estate and office of the deceased trustee, and such executor or administrator will be charged with all the duties of such trustee.

Appeal from the Circuit Court for Alachua county.

STATEMENT.

The appellant, as administrator of the estate of John Loomis, deceased, filed a bill in equity against the appellee, a corporation existing under the laws of Florida, for the purpose of foreclosing a mortgage on real

estate executed by the corporation to said decedent as trustee. The mortgage, dated the first day of July, 1889, recites that Loomis, the party of the second part, was trustee for the corporation in the issuance by it of a series of sixty bonds of five hundred dollars each, aggregating the sum of thirty thousand dollars, and after acknowledging the receipt of said sum, particularly described in the series of bonds, the corporation conveyed to Loomis, as trustee, certain real estate situated in Alachua county, upon the condition of defeasance that said corporation, its successors or assigns, should pay or cause to be paid to the true and lawful owners of said bonds the principal sums mentioned therein on the first day of August, 1894, the date of their maturity, with interest at the rate of six per cent per annum, payable semi-annually on the first days of February and August of each intervening year, and produce or cause to be produced to said trustee, his successors or assigns, all of said bonds fully satisfied and cancelled on the date of their maturity. The instrument contains a covenant on the part of the corporation that the said trustee should and might from time to time, and at all times after default made in the performance of the conditions therein contained, peaceably and quietly enter upon the premises granted and hold, occupy and enjoy the same as trustee for the owner of said bonds, or so many as at such time remained unpaid; and further, that immediately upon such default and possession on the part of said trustee, he should, at the option and request of a majority of the bondholders, proceed to advertise and sell all the real estate mortgaged, and after paying said bonds and the interest due thereon, distribute the surplus, if any, to other parties in in-

terest, according to the laws of Florida. The attestation clause of the instrument is as follows: "In witness whereof, the said party of the first part hath caused its corporate seal to be hereunto affixed, and its president to set his hand the day and year first above written.

Signed, sealed and delivered in presence of—

THE J. S. CHRISTIE ORANGE COMPANY,

By J. S. CHRISTIE, President."

The corporate seal was attached to the signature of the company and its president, but there were no subscribing witnesses to the instrument. It was acknowledged before a notary public of the State of New York and recorded in Alachua county in this State.

The bill alleges that the instrument was a mortgage executed and delivered according to law; that the corporation issued, on the first day of August, 1889, 46 first-mortgage bonds, numbered from one to forty-six inclusive, for five hundred dollars each, and the same were sold to the various parties named; that it was agreed between the company and the purchasers of the bonds that the sums of money realized thereon should be expended by the company in improving the property mortgaged, so as to make it fruitful and valuable for the growth of oranges, pears and nurseries, and also in paying off liens on the land, all of which had not been done; that the interest on the bonds was required to be paid semi-annually, and there had been a default in this respect, by reason of which the mortgage had become liable to forclosure; that John Loomis, the trustee named in the mortgage, had died; and complainant had been duly appointed and was acting as his administrator by appointment from the Surrogate of Sussex county, New Jersey, as would ap-

pear by a certified copy of the letters of the administration attached; and that a majority of the bondholders secured by the mortgage had requested and directed complaint to institute the suit for the purpose of its foreclosure. There are further allegations as to the futile attempt to appoint another trustee and the issuance of further bonds, but they are immaterial in the disposition of the present appeal. The instrument was filed with and made a part of the bill.

After the usual prayers in foreclosure proceedings, the bill concludes with a general prayer that the court grant such other and further relief as may be agreeable to equity and as the circumstances of the case may justify and warrant.

The bill was dismissed on demurrer, and the two grounds of the demurrer sustained are as follows: 1. The trust deed was not properly executed and acknowledged, and was therefore void. 2. The power given in the instrument could not be exercised or enforced by the administrator of the trustee.

*W. W. Hampton*, for Appellant.

No Appearance for Appellee.

MABRY, C. J.:

The first ground of the demurrer to the bill is, that the trust deed sought to be foreclosed as a mortgage was not properly executed and acknowledged. We suppose that the ruling of the court sustaining this ground of demurrer was based upon the view that as the instrument did not have any subscribing witnesses to it, it was ineffective for any purpose under our statutes relating to the execution of deeds and mortgages

as to real estate.   The suit being virtually between the
original parties to the instrument, and no interest of a
married woman being involved, the question of the ac-
knowledgment of the instrument can not affect its va-
lidity.   Even if the acknowledgment was defective,
which is not apparent, it would be no sufficient reason
for dismissing the bill, in a suit between the original
parties with no rights of innocent purchasers interven-
ing.   The instrument was executed by a corporation
organized under the general law for the organization
of corporations in this State, and it is insisted by coun-
sel for appellant that the deed was properly executed
by the corporation without any witnesses under our
statute.   Section 30, Chapter 1639, acts of 1868, Mc-
Clellan's Digest, p. 233, sec. 23, provides that "it shall
be lawful for any corporation to convey lands by deed
sealed with the common seal of said corporation, and
signed by the president or presiding member, or trus-
tee of said corporation, and such deed when so exe-
cuted°shall be recorded by the recorder in the county
clerk's office of the county where the land lies, in like-
manner with other deeds, and no further proof shall
be deemed necessary to commit the same to record."
The subsequent act of 1873, Chapter 1939, provides
that deeds executed in this State of lands, or any in-
terest in lands therein, shall be executed in the pres-
ence of two witnesses, who shall subscribe their names
to the same as such.   The statute relating to mort-
gages provides that all deeds, obligations, conditioned
or defeasible, bills of sale, or other instruments of
writing, made for the purpose, or with the intention·
of securing the payment of money, whether such in-
strument be from the debtor- to the creditor, or from
the debtor to some third person or persons in trust for

the creditor, shall be deemed and held as mortgages, and shall be subject to the same rules of foreclosure, to, the same regulations, restrictions and forms as are now, or hereafter may be, prescribed by law in relation to mortgages. It is also provided that a mortgage shall be held in our courts as a specific lien on the property for a specific object, and that in fact and in law, the mortgagee is incapable of acquiring possession until after a decree of foreclosure, and then only by bidding and out-bidding all competitors. McClellan's Digest, p. 765, secs. 1, 2, 3.

In the case before us the instrument is sealed with the seal of the corporation and is signed by its president. It is evident upon the face of the instrument itself that it was designed by all the parties interested in it as a security for the bonds issued by the corporation. It purports to convey the property to John Loomis, trustee, upon the condition of defeasance that the company would pay the bonds and interest thereon in accordance with the conditions expressed, and in case of default, it is provided that the trustee shall take possession of the property and sell it for the purpose of paying said bonds and interest. No attempt is made to exercise the power of private sale undertaken to be conferred, but a court of equity is asked to foreclose the instrument as a mortgage security for the bonds issued and interest thereon, the non-payment of which according to the conditions of the instrument is alleged. Without deciding whether a corporation can, under the act of 1868 referred to, convey land by deed sealed and signed as prescribed, but without subscribing witnesses, and omitting any question as to whether our statutes, converting all instruments executed for the purpose of securing the pay-

ment of money into mortgages, require subscribing witnesses, even as to instruments relating to real estate, we are satisfied that the instrument before us can, and should, be enforced as an equitable mortgage for the payment of the bonds in question. As before stated, there can be no doubt from the instrument itself that the parties designed it as a security for the payment of the bonds and the court of chancery has often held that an equitable mortgage may be created by an unsuccessful effort to make a valid mortgage deed, or by pledging specific property for the payment of a debt. Whether the court proceeds in such cases upon the view of aiding a defective execution of a power, the reformation of the instrument according to the intention of the parties, or upon the maxim that equity considers that as done which ought to be done, relief has usually been extended and the instrument enforced as an equitable mortgage or specific lien on the land. The bill in the present case is not framed specially for the reformation of the instrument and its enforcement as a mortgage with subscribing witnesses, still all the facts in reference to the execution of the instrument are stated, and there is a prayer for such relief as complainant is entitled to under the allegations made. The present case comes within the principle above stated, and we are of the opinion that the court erred in sustaining the first ground of the demurrer. Love vs. Sierra Nevada L. W. & M. Co., 32 Cal. 639, S. C. 91 Am. Dec. 602; Gale's Executors vs. Morris, 29 N. J. Eq. 222; Abbott vs. Godfroy's Heirs, 1 Mich. 178; McClurg vs. Phillips, 49 Mo. 315; McQuie vs. Peay, 58 Mo. 56; Blackburn vs. Tweedie, 60 Mo. 505; Lake vs. Doud, 10 Ohio, 415; Burnet vs. Boyd, 60 Miss. 627; Miller vs. Rutland & Washington

R. R. Co., 36 Vt. 452; Delaire vs. Keenan, 3 Dessaussure, 74, S. C. 4 Am. Dec. 604; 1 Jones on Mortgages, sec. 168.

We think the court was also in error in sustaining the second ground of the demurrer to the bill. Our statute provides that executors and administrators who shall produce probate of wills or letters of administration, duly obtained in any of the States or Territories in the United States, and properly authenticated under the act of Congress of the 26th, of May, 1790, shall be authorized to maintain actions in the several courts in this State, under the same rules and regulations as other plaintiffs. McClellan's Digest, p. 97, sec. 73. The objection raised under the present ground of the demurrer is not to the proof of the letters of administration in the foreign jurisdiction, but that the administrator can not maintain the suit. John Loomis, the decedent, held the instrument in trust to secure the bonds, and under our system it must be considered in no other light than that of a mortgage or security for the payment of money. Trusts of personalty upon the death of the trustee vest in his executor or administrator, upon whom devolve both the estate and office of the trustee. By accepting the office of administrator of the estate of the deceased trustee, the administrator becomes *ex officio* trustee, charged with all his duties, and authorized to perform the trust. Bloxham vs. Hooker's Executors, 19 Fla. 163; Anderson vs. Northrop, 30 Fla. 612, 12 South. Rep. 318; Schenck, 16 N. J. Eq. 174.

The decree of the Circuit Court sustaining the demurrer and dismissing the bill will be reversed with

directions for further proceedings in accordance with the practice of the court of chancery.

Such order to be entered.