FRANK J. LONGDON, *et al., Appellants,* v. CHARLES R. WAKELEY, TRUSTEE, *Appellee.*

Where it appears that even if a mortgage as given is not a valid contract or statutory lien, yet the facts establish a right to an equitable mortgage or lien, and no error appears in the foreclosure of the mortgage lien the decree of foreclosure will be affirmed.

This case was decided by Division A.

Appealed from the Circuit Court for Volusia County.

The facts in the case are stated in the opinion of the court.

*Stewart* & *Bly,* for Appellants;

*Landis* & *Fish,* for Appellee.

WHITFIELD, C. J.—Charles R. Wakeley, trustee, brought in the Circuit Court for Volusia County a bill in equity to foreclose a mortgage executed in Illinois by Frank J. Longdon and his wife upon real estate in Volusia County, Florida, to secure the payment of an accompanying note. A demurrer to the bill of complaint was overruled and the defendant filed an answer and also a cross bill. The plaintiff answered the cross bill. Replications were filed and testimony taken. On final hearing the cross bill was dismissed and a foreclosure decreed. The defendants appealed.

The bill of complaint alleges that the note was given by the defendants to the plaintiff for an indebtedness due the plaintiff as trustee, and alleges that to secure the payment of the indebtedness, the defendants "conveyed to your orator, as trustee, in fee simple," the described land. Such a conveyance is under the statute a mortgage.

On demurrer, it is contended that the absence of an allegation of the delivery of the deed of trust or mortgage is fatal. The allegation that the land was "conveyed" includes delivery of the instrument of conveyance under this bill of complaint in the absence of contradictory allegations, or statements from which an inconsistent inference may be drawn.

The legal title to the note and mortgage being in the plaintiff, trustee, the suit to foreclose was properly brought by the trustee, and it was not necessary to set out the beneficiaries of the trust where no reason appears for requiring the beneficiaries to be named or made parties to the suit. There was no error in overruling the demurrer to the bill of complaint.

The answer of the defendants denies the indebtedness, the delivery of the note and the conveyance as alleged. They aver that their home is upon the property, that they were temporarily absent from the State at the date the note and mortgage bear, and aver that Frank J. Longdon, agreed to investigate the financial condition of the Christian Century Company, a corporation, and if he found the company in sound financial condition, he might take some of its stock, and with a view of raising said money signed and acknowledged the note and mortgage as alleged except that the mortgage was not signed and sealed nor delivered in the presence of two subscribing witnesses; that the mortgage was never attested by two witnesses in the presence of the defendant; that while investigating the financial condition of the company the note and mortgage "thus incomplete and imperfectly executed," was left in the safe of said company by the defendants; that defendants ascertained the company was hopelessly insolvent and the stock almost worthless, and upon completion of the investigation declined to purchase stock in the company; that "in the meantime the said note and mortgage set forth in the bill of complaint was clandestinely and secretly taken from the safe of the Christian Century Company by some one to these defendants unknown, that the said note and mortgage though imperfectly executed had never in any way, manner or form been delivered to Chas. R. Wakeley, trustee, or to any one for him, nor did the said Chas. R. Wakeley, trustee, or anyone for him pay, give or deliver to these defendants any money or other property of value the consideration for said note and mortgage and the said Chas. R. Wakeley, trustee, has possession of said note and mortgage without having passed any consideration to these defendants for himself or to anyone else for the benefit of these

defendants; that the mortgage was sent to the clerk of the Circuit Court for record in Volusia County, and was re- turned unrecorded by the clerk because only one witness attested its execution; that "the complainant herein, without the knowledge or consent of either of these de- fendants and in the absence of both, had the name of Mayme C. Epstein added to said mortgage that the de- fendants have not seen, had in their possession said mort- gage and note since the alteration and forgery of the same. These defendants say for the reasons herein before set forth that said mortgage is void and of no effect, that is, said mortgage or trust deed was never signed, sealed and delivered in the presence of two subscribing witnesses as provided by law, that in as much as this said Chas. Wakeley in order to make good a fraudulent and bad deed did falsely and fraudulently procure an additional witness to said deed after the same had been refused record by the clerk of the Circuit Court; to-wit: the name of Mayme C. Epstein, which said Wakeley knew was against the will and wish of these defendants, and the same being a material alteration of said mortgage and constituted the crime of forgery, and the other and fur- ther fact that said Wakeley has possession of said paper and seeking to foreclose the same without consideration."

The cross bill alleged substantially the same facts, pro- pounded interrogatories and prayed for a cancellation of the note and mortgage.

By answer to the cross bill the allegation that the de- fendants were not indebted to the plaintiff was denied; and it is averred that the defendants are indebted to the plaintiff as trustee; that "Frank J. Longdon knew that Charles A. Young had deposited money in the bank, which money belonged to Alice A. Young, the wife of Charles A. Young, and Mr. Frank J. Longdon proposed to Charles A.

Young to borrow a portion of this money for a short term, assuring Charles A. Young that he, Frank J. Longdon, had under negotiation the sale of his property in Florida. Frank J. Longdon went with Charles A. Young to the home of said Charles A. Young, and there Frank J. Longdon personally requested Alice A. Young to loan him (Frank J. Longdon) the sum of Three Thousand Dollars ($3000.00) and at the time stated to the said Alice A. Young that he, Frank J. Longdon wanted the money to purchase stock in the Christian Century Company; Mrs. Alice A. Young agreed to loan the said Frank J. Longdon the sum of Three Thousand Dollars ($3,000.00) and accordingly a note for Three Thousand Dollars ($3,000.00) was executed on January 2nd, A. D. 1906, by Frank J. Longdon and Harriet R. Longdon, which note was endorsed on the back as follows: "Frank J. Longdon, Harriet R. Longdon," a copy of which note is filed with the original bill herein, and to which reference is hereby prayed; said note also recites that it is secured by a trust deed of even date to Charles R. Wakeley as trustee, on real estate in Volusia County, Florida. Charles A. Young at that time having the utmost confidence in Mr. Frank J. Longdon's integrity, left the details of the loan to Mr. Frank J. Longdon, who at the same time had the business management of the Christian Century Company; that Charles A. Young went into the field work for the Christian Century Company in January, and upon his return to Chicago in February Frank J. Longdon handed Charles A. Young the deed of trust, mentioned in the original bill herein and a copy of which is attached to said bill and to which reference is hereby prayed, covering the property in DeLand, Florida, heretofore mentioned, and also a life insurance policy for Three Thousand Dollars ($3000.00) both as security for the note for the Three Thousand Dol-

lars ($3,000.00) given on January 2nd, A. D. 1906; And at the time of handing these papers to Charles A. Young, the said Frank J. Longdon stated that he had not had them witnessed before a Notary Public sooner as Mrs. Harriet R. Longdon had not found it convenient to go with him before.

Your orator further states that Mrs. Alice A. Young did on January 2nd, 1906, loan to Frank J. Longdon $3000.00, for which the note and trust deed aforesaid were given; that about this time Frank J. Longdon placed in the cash book of the Christian Century Company this Three Thousand Dollars ($3000.00) and that capital stock in the Christian Century Company was then issued to Frank J. Longdon in the amount of $4,500.00, he the said Frank J. Longdon, giving his notes to the Christian Century Company for $1500.00.

This defendant, your orator, further says that he denies the allegation in the cross bill saying that Frank J. Long don and Harriet E. Longdon have their home in DeLand, but alleges the fact to be that their home is not in De-Land, Florida, but was in Chicago, Illinois, on January 2nd, A. D. 1906, and this defendant denies that their absence from said County of Volusia and State of Florida, is temporary but alleges the fact to be that they have permanently removed from Volusia County, Florida.

This defendant further answering said cross bill filed herein says that when Frank J. Longdon handed the trust deed and insurance policy aforesaid to Charles A. Young, the said Charles A. Young then delivered said papers over to Charles R. Wakeley as trustee for Mrs. Alice A. Young and when Frank J. Longdon handed these papers to Charles A. Young he handed them to Charles A. Young as the agent of this defendant, Charles R. Wakeley, as trustee for Mrs. Alice A. Young, and when the said

Frank J. Longdon so delivered these papers to Charles A. Young, he (Frank J. Longdon) assured the said Charles A. Young that he was negotiating the sale of his property in Florida, as he had decided to settle permanently in Chicago, and suggested that it would be well if the deed of trust were not recorded as it might jeopardize the sale; the deed of trust and the life insurance policy were placed in this defendant's Charles R. Wakeley's hands, together with the note, at the Ashland Exchange and Savings Bank, Chicago, Ill. This defendant did not have the deed of trust recorded for Mrs. Young at the time, but later Mrs. Alice A. Young inquired of this defendant if the deed of trust had been recorded, and when informed that it had not, she expressed a desire that it be recorded, and this defendant sent the deed of trust to the Clerk of the Court, Volusia County, Florida, but it was returned by said clerk with the information that it had only one subscribing witness and that in Florida the laws required two witnesses; whereupon this defendant Charles R. Wakeley gave the deed of trust to Charles A. Young, at the same time informing Charles A. Young of the requirement of the Florida law, whereupon Charles A. Young as the agent of this defendant carried the deed of trust to the Notary Public who had taken the acknowledgment of Frank J. Longdon and Harriet R. Longdon and who had also witnessed their signatures and the Notary Public stated that his secretary, Mayme C. Epstein was present at the time Mr. Frank J. Longdon and Harriet R. Longdon signed the deed of trust on February 2nd, 1907, and Charles A. Young and the Notary Public then ascertained from Mayme C. Epstein that she well remembered the occasion and was present and saw Frank J. Longdon and Harriet R. Longdon sign and acknowledge the deed of trust and the said Mayme C. Epstein being

willing to witness said deed of trust did then and there so witness said deed by signing her name thereto as a witness. After the said Mayme C. Epstein had so witnessed said deed of trust ,it was returned to this defendant who then forwarded said deed of trust to the clerk of the Circuit Court of Volusia County, Florida, and the same duly recorded in the public records of Volusia County."

The interrogatories propounded to Charles R. Wakeley, plaintiff in the cross bill were answered. The mortgage executed by Frank J. Longdon and his wife recites that they are "of the City of Chicago, of the County of Cook and State of Illinois" and there is other evidence from which the chancellor could have found that the homestead in Florida had been abandoned as the home.

Even if in this State two subscribing witnesses are necessary to the validity of a mortgage as a contract or statutory lien, and even if the mortgage here was not attested by two subscribing witnesses, the facts of this case establish a right to an equitable mortgage or lien if the allegations of fraud and overreaching made by the mortgagors are not shown to be true. See Margarum v. J. S. Christie Orange Co., 37 Fla. 165, 19 South. Rep. 637; Cobb v. Barr, 57 Fla. 370, ........, South. Rep.........

The chancellor found the equities to be with the complainant trustee of the note and mortgage, and as there is ample evidence to sustain the finding, the decree of foreclosure should stand in the absence of errors of law shown by the record.

The decree is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.