ALICE P. BISHOP, *et vir*, v. ORANGE BELT SECURITIES COMPANY.

174 So. 1.
Division A.
Opinion Filed April 17, 1937.
Rehearing Denied May 10, 1937.

*P. C. Gorman,* for Appellants;

*Duncan, Hamlin & Duncan,* and *John S. Lavin,* for Appellee.

TERRELL, J.—November 25, 1925, appellant and appellee entered into a contract whereby appellee agreed to cultivate a described piece of land in citrus grove until it produced seven merchantable crops of fruit, for which appellant agreed to pay appellee $30.00 per acre per year for the first four years and thereafter, $35.00 per acre per year payable on the first day of each month.

The fourth and seventh paragraphs of the said contract are as follows:

"Fourth: The owner of said grove property may enter upon and take possession of said grove property at any time prior to the expiration of the seventh crop upon payment of all amounts then due and payment in advance for cultivation of grove for balance of current fiscal year, and by releasing

the said first party from its guaranty, it being the sense of this agreement that the said first party is to develop the grove for the said second party in a manner that will bring the return of the total investment on this protected ridge land."

"Seventh: It is further agreed that in the event second party, his heirs or assigns, shall be in default for a period of thirty days in the payment of any of the sums that shall fall due under the terms of this agreement, that first party shall be entitled to a lien on said property for such amount as shall be due, and in the event it shall become necessary to place said claim or lien in the hands of an attorney for collection that second party hereby covenants to pay a reasonable attorney's fee for the collection thereof, together with all costs, and in addition thereto covenants and agrees to pay first party, its successors or assigns, for the upkeep and care of said grove according to the terms of this agreement from the date of such default to the time that final decree may be entered for the amount due."

On March 3, 1926, Alice P. Richardson, appellant who made the contract in November, 1925, but who in the meantime had married William P. Bishop, wrote appellee a letter in which she requested that the terms and conditions of said contract be transferred to and made applicable to another described piece of land for a like purpose. At the time this letter was written no financial obligations had been undertaken and no work had been done under the contract, but the substituted land was already planted in grove. The terms of the letter were accepted, accounts were opened, work began and financial transactions between the parties commenced at once. March 3, 1926, was consequently the date the parties began to execute the contract.

From March 3, 1926, to November 1, 1934, a period of

more than eight years, both parties performed their stipulations under the contract as amended by the letter of the former date and recognized it in all respects as binding from that date.

On October 26, 1934, appellant took the position that the "fiscal year" designated for payment in paragraph four of the contract as quoted expired November 25, the date the contract was first executed, and proceeded to terminate the contract in the manner provided in said paragraph. Against the contention of appellant, appellee contended that the "fiscal year" so referred to terminated on March 3, the date of the letter amending the contract, refused to recognize the notice of appellant to terminate and continued to perform its part of the contract until March 3, 1935.

On June 25, 1935, appellee as complainant filed its bill of complaint herein praying foreclosure of its lien on the lands described in the contract as provided in paragraph seven as here quoted. Appellant as defendant moved to dismiss and to transfer the cause to the law side of the docket. Both motions were overruled, defendant filed her answer and evidence by stipulation of counsel was submitted. On final hearing, the Chancellor found for the plaintiff and entered judgment accordingly. The appeal is from that decree.

The Chancellor found that under paragraph seven, the contract gave appellee an equitable mortgage on the premises for any and all amounts due for cultivation, that appellants were estopped by long acquiescence from denying the validity of the contract, that the "fiscal year" as used in paragraph four of the contract began March 3, and ended on March 2, of each year and that the conduct of the defendant during the period for which recovery is claimed constituted a recognition of and an effort to comply with

the contract and did not constitute such a repudiation as to entitle plaintiff to have treated same as an anticipatory breach.

Appellant contends that she being a *feme* covert, appellee's remedy for any amount due under the contract was at law, that the term "current fiscal year" as used in paragraph four properly commenced November 25, of each year and that the original agreement being one under seal could not be deemed to have been modified by the letter of March 3, 1926, it not being under seal.

The seventh paragraph of the contract provides a lien on the property in favor of the party of the first part for labor performed and the courts have generally held that such liens may be enforced in equity. Margarum v. J. S. Christie Orange Co., 37 Fla. 165, 19 So. 637; Connor v. Connor, 59 Fla. 467, 52 So. 727; Longdon v. Wakeley, 62 Fla. 530, 56 So. 408; Walker v. Heege, 78 Fla. 667, 83 So. 605; Holmes v. Dunning, 101 Fla. 55, 133 So. 557.

It is our view that the Chancellor was correct in holding the "fiscal year" as employed in paragraph four of the contract to begin on the third day of March of each year. That was the date the contract may be said to have been amended and the date actual work and obligations under it were commenced. It was the date accounts between the parties accrued and was so recognized by both parties for a period of years. Nothing in the relation of the parties would indicate that they considered any other date to commence the fiscal year.

In view of these considerations and the further fact that the contract was lived up to by both parties for eight years without question, the appellant will not now be permitted to invoke her coverture to question its validity. Moses v.

Woodward, 109 Fla. 348, 140 So. 651. The judgment of the Chancellor is accordingly affirmed.

Affirmed.

ELLIS, C. J., and BUFORD, J., concur.

WHITFIELD, P. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.