W. T. NOLING, *et al.,* v. ORANGE BELT SECURITIES CO.

177 So. 298.

Division B.

Opinion Filed October 28, 1937.

Rehearing Denied December 15, 1937.

*T. C. Cork,* for Appellants;

*Duncan, Hamlin & Duncan* and *John S. Lavin,* for Appellee.

CHAPMAN, J.—The parties hereto will be referred to as they appeared in the court below as plaintiff and defendant. On March 1, 1934, plaintiff filed in the Circuit Court of Lake County, Florida, a bill of complaint to enforce a lien on certain orange grove property in which the defendants to this suit were interested or had previously been interested. The bill of complaint was predicated on a written agreement dated February 17, 1926, and signed by the parties in interest, other parties to this suit succeeding at a later date by a proper conveyance of certain interests owned by S. T. Sharp, a defendant. To this bill of complaint answers were filed, testimony taken and a decree upon final hearing entered in behalf of plaintiff below by the Circuit Court of Lake County. From the final decree an appeal was taken to this Court and four assignments of error urged why the decree appealed from should be reversed. The assignments are as follows:

"1. The Court erred in granting to the complainant the decree appealed from.

"2. The Court erred in holding that the complainant had the right under the contract entered into between the complainant and the defendant, S. T. Sharp, for the care and cultivation of said grove to demand payment for work it had not done at the time payment was demanded by the complainant, and tendered by these defendants.

"3. The Court erred in holding that the term 'fiscal year' as used in said contract commenced on the date of each year upon which said contract was dated, whereas the Court should have held that since the term 'fiscal year' was not defined in said contract, that said term had no meaning

and that the contracting party could terminate said contract at any time by paying or tendering the amount then actually due.

"4. The Court erred in not holding that the tender of the amount due and offer to release the complainant, Orange Belt Securities Company, from any liability under its contract, and the refusal to accept such tender, cancelled the lien upon the premises sought to be foreclosed against herein."

It will be observed that assignment No. 1 raises the legal authority of the Chancellor below to enter the decree appealed from. This question has been settled adversely to defendant below in the suit of Holmes v. Dunning, 101 Fla. 55, 133 Sou. Rep. 557; also Bishop v. Orange Belt Securities Co., 127 Fla. 709, 174 Sou. Rep. 1.

Other assignments, *supra,* call for a construction of paragraph 4 of the agreement between the parties, viz.:

"Fourth. The owner of said grove property may enter upon and take possession of said grove property at any time prior to the expiration of the seventh crop upon payment of all amounts then due and payment in advance for cultivation of grove for balance of current fiscal year, and by releasing the said first party from its guaranty, it being the sense of this agreement that the said first party is to develop the grove for the said second party in a manner that will bring the return of the total investment on this protected ridge land."

An examination of this question shows that this Court construed a similar provision in the case of Bishop v. Orange Belt Securities Co., 127 Fla. 709, 174 Sou. Rep. text pages 2 and 3 where the following language was used:

"It is our view that the chancellor was correct in holding the 'fiscal year' as employed in paragraph 4 of the con-

tract to begin on the 3rd day of March of each year. That was the date the contract may be said to have been amended and the date actual work and obligations under it were commenced. It was the date accounts between the parties accrued and was so recognized by both parties for a period of years. Nothing in the relation of the parties would indicate that they considered any other date to commence the fiscal year."

Other assignments have been considered but it appears that the suit at bar is ruled by the case of Bishop v. Orange Belt Securities Co., *supra*. The judgment of the Chancellor is accordingly affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.