HENDRY, Chief Judge.
This is an interlocutory appeal from an order denying appellant’s motion to dismiss appellee’s second amended complaint.
The appellee filed a claim in the Probate Court of Dade County against the appellant for $8,050.00 and various items of personal property. $6,500.00 of the total represented the balance due appellee from the decedent pursuant to a property settlement agreement between the parties following divorce proceedings in Havana, Cuba. The agreement was for the purpose of dividing and distributing their community property in Cuba. The appellant filed his objections thereto.
Subsequently, the appellee filed a complaint in the Circuit Court which, as amended, prayed for judgment against the appellant in the sum of $8,000.00 and a return of various personal property therein described.
The appellee then requested leave to file a second amended complaint together with a motion to transfer the cause to the chancery side. It was alleged in the second amended complaint that the decedent had fraudulently stated the value of their community property to be 12,400 pesos (at which time one Cuban peso equalled one United States Dollar). It was further alleged that the appellee relied on the decedent in determining the value but subsequent to the filing of the complaint she discovered evidence which reasonably leads her to believe the true value of the property was in excess of 100,000 pesos. It was requested that a court of equity take jurisdiction of the cause and enter a declaratory decree determining the rights of the appellee with respect to the property settlement agreement, and to impress a trust upon the estate of the decedent for her benefit, and other relief. Leave was granted to file the second amended complaint and the cause transferred to the equity side. Thereafter, the *798 appellant filed a motion to dismiss the second amended complaint which was denied.
The appellant contends that it was error for the court to permit an amendment to a claim against the decedent’s estate filed after the expiration of the time allowed for the filing of claims where said amendment introduces a new or different claim.[1]
Section 733.17, Fla.Stat., F.S.A. •confers broad discretion upon the County-Judge to authorize amendments in the form •of claims at any time before payment. In In Re Jeffries’ Estate, 136 Fla. 410, 181 So. 833 (1938), an amendment of the formal technical defects in a claim was determined to be properly allowed. In Black v. Walker, 140 Fla. 48, 191 So. 25 (1939), the court found that the County Judge properly permitted a claim to be amended in certain particulars, no change being made in the .amount. Subsequently, the Supreme Court, in the case of In Re Grist’s Estate, Fla. 1955, 83 So.2d 860, 56 A.L.R.2d 623, discussed amended pleadings under Rule 1.15, Florida Rules of Civil Procedure, 30 F.S.A. in determining whether a claim against a decedent’s estate could be amended after the expiration of the time allowed for the filing of claims. The Supreme Court reversed the circuit court’s judgment and affirmed the County Judge’s order permitting an amendment under which no additional facts had to be proved to support the claim .and the parties in interest and essential elements of controversy remained the same.[2]
It is apparent from the facts before us that the appellee must allege and prove additional facts in support of the equitable claim contained in the second amended complaint. In addition, the equitable claim contains a substantial increase in amount from that claimed under the original claim.
We have, therefore concluded that the appellee has not shown compliance with § 733.16 Fla.Stat., F.S.A. concerning her equitable claim against decedent’s estate and that it was error for the court to deny appellant’s motion to dismiss the second amended complaint. The cause is remanded with directions to dismiss the second amended complaint without prejudice in order that the appel-lee have the opportunity to show, if possible, that she has complied with the applicable statute concerning her equitable claim or proceed on her legal claim.
Reversed and remanded.

. § 733.16 Fla.Stat., F.S.A.

. See also: Richards v. West, Fla.App. 1959, 110 So.2d 698, 702, footnote 9, “A discussion of the liberality accorded probate claims, so long as an entirely new claim is not stated and no increase in amount is claimed, will be found in Wilson and McGehee, Probate Claims in Florida, 1 U. of Fla.L.Rev. 1, 12 (1948).”