PER CURIAM.
The plaintiff below, Maeder, filed her complaint for a declaratory decree against Herman Grayson as Administrator of the Estate of Simon Silverman. Grayson filed a motion to dismiss and the trial court entered an order dismissing the complaint with prejudice, relying upon a previous opinion of this court in Grayson v. Maeder, Fla.App.1966, 186 So.2d 796.
Appellant’s first point for reversal does not appear to have been raised in the trial court and cannot be raised for the first time on this appeal. See Marsh v. Sarasota County, Fla.App.1957, 97 So.2d 312.
We note that no action has been taken on the order which remanded the first appeal of this case, supra, with directions to the trial court to dismiss the second amended complaint without prejudice so that Maeder have the opportunity to show, if possible, that she had complied with the applicable statute concerning her equitable claim or have the opportunity to proceed on her legal claim. This case, therefore, is still pending in the trial court.
Notwithstanding the pending case, Mae-der thereafter filed her complaint for declaratory decree which was dismissed with prejudice and is now before us by this appeal.
We affirm the trial court. We find that the plaintiff Maeder is attempting to *243 split her cause of action and to have two causes of action against the same party for issues involved in the same cause. This is ordinarily prohibited in Florida. See 1 Fla. Jur. Actions § 42 and case cited therein. This does not mean, however, that plaintiff is without a remedy. She still has pending in the trial court a cause of action against this defendant. She may want to attempt to proceed under that pending cause of action or she may dismiss it and join all of her causes of action against this defendant in one suit and plead in the alternative.
For these reasons, the order of dismissal be and the same is hereby
Affirmed.