PER CURIAM.
The appellant seeks review of the trial court’s entry of an order dismissing her complaint with prejudice. That order was entered on the grounds “that the complaint fails to state a cause of action upon which relief can be predicated in accordance with the laws set forth in Grayson v. Maeder, [Fla.App.1966], 186 So.2d 796.”
After the mandate was filed in the original case reported in 186 So.2d 796, Mae-der nevertheless continued to prosecute two actions: one in law based upon fraudulent breach of contract; and the second in equity which sought to impress a trust. In response to the equity suit, Grayson filed a motion to dismiss which was granted, dismissing the equity complaint with prejudice. An appeal was taken, case No. 68-96, and in a per curiam opinion, 222 So.2d 242, filed November 19, 1968, this court held as follows:
“Notwithstanding the pending case, Maeder thereafter filed her complaint for declaratory decree which was dismissed with prejudice and is now before us by this appeal.
*309 “We affirm the trial court. We find that the plaintiff Maeder is attempting to split her cause of action and to have two causes of action against the same party for issues involved in the same cause. This is ordinarily prohibited in Florida. See 1 Fla.Jur. Actions § 42 and case cited therein. This does not mean, however, that plaintiff is without a remedy. She still has pending in the trial court, a cause of action against this defendant. She may want to attempt to proceed under that pending cause of action or she may dismiss it and join all of her causes of action against this defendant in one suit and plead in the alternative.
“For these reasons, the order of dismissal he and the same is hereby
“Affirmed.”
It now appears that Maeder has relied upon the above quoted language by taking a voluntary dismissal of her action at law, based on the breach of contract, and has sought to filé a new complaint which joined all of her causes of action against the appellee in the instant law suit.
The controversy sub judice arose when the court dismissed the latest complaint with prejudice. We must reverse the order of dismissal. The procedure followed by the appellant, i. e., taking a voluntary dismissal of the law action so that a new cause of action could be filed requesting alternative forms of relief, was that suggested by this court in the case excerpt appearing above.
By predicating its order of dismissal upon the opinion contained in 186 So.2d 796, supra, the trial court has apparently overlooked the effect of the later case, opinion No. 68-96, supra. This court has an obligation to the trial courts within its district to render clarification of any opinions, judgments, decisions or orders upon appropriate inquiry. Hoisington v. Kulchin, Fla.App.1965, 178 So.2d 349. By way of clarification, therefore, we must reverse the order of dismissal and note that the law action is to be considered timely filed notwithstanding any statute of limitation problem that may arise by virtue of the appellant’s voluntary dismissal. This is due to the appellants’ reliance upon the language of our earlier opinion, supra, and we feel that the ends of justice are best served by allowing the new suit to be instituted and continue as a common law action. Moreover, we also observe that the effect of our decision in 186 So.2d 796, supra, was to cause the dismissal of the equitable claim without prejudice, and no further action having been taken thereon, that action should be considered as abated.
For the reasons stated, the order of dismissal with prejudice being appealed is hereby reversed and the cause remanded for further proceedings on the law action only, consistent with the opinion rendered herein.