PER CURIAM.
The history and procedure followed in this case has been set forth, in part, in prior appeals. Grayson v. Maeder, Fla.App.1966, 186 So.2d 796; Maeder v. Grayson, Fla.App.1968, 222 So.2d 242; and Fla.App.1969, 227 So.2d 308. After the mandate was filed in the last case cited, the plaintiff, Gertrudis Maeder, filed an amended complaint containing two counts against Grayson, as administrator of the estate of Simon Silverman, deceased. In Count One Maeder sought damages for the alleged failure of the decedent to comply with certain terms of a notarial agreement which she and the decedent had executed. In Count Two Maeder sought to recover damages for a fraud which she alleged the decedent had committed as an inducement for the notarial agreement.
Grayson filed a motion to dismiss the amended complaint which was denied by the trial court and this appeal followed.
It appears that Maeder has timely and properly complied with the requirements of the statutory law insofar as the claims alleged in Count One but that she has not done so insofar as the claim alleged in Count Two. § 733.16, Fla.Stat. F.S.A. She has not alleged any valid reasons for non-compliance with the statute. See Davis v. Evans, Fla.App.1961, 132 So.2d 476.
*775 The motion to dismiss should have been granted as to Count Two of the amended complaint but not as to Count One.
The order denying the motion to dismiss is, therefore, reversed in part and the cause remanded with instructions to dismiss Count Two of the amended complaint only.
It is so ordered.