PER CURIAM.
William H. Carmine sued GAC Properties, Inc. for the alleged breach of an agreement under which he claimed to have the exclusive right to issue title insurance policies on property owned by GAC. Carmine recovered a final judgment and GAC has appealed.
Its first point for reversal is directed to a finding that Carmine established “by competent testimony” that a 1961 written contract between the parties was valid, existing and enforceable. GAC asserts the burden of proof required to establish this fact is by clear and convincing evidence and not a mere preponderence of evidence.
The record does not show any issue raised, or ruled upon, in the trial court as to whether the 1961 contract should have been proven by “clear and convincing evidence” as opposed to a mere preponderance of the evidence and such point may not be raised for the first time on appeal. Maeder v. Grayson, Fla.App.1968, 222 So.2d 242; 5 Am.Jur.2d Appeal & Error § 607 and 4 C.J.S. Appeal and Error § 241.
Assuming an issue as to the necessary burden of proof was properly raised and ruled upon below we nevertheless hold that a finding that plaintiff established the validity, existence and enforceability of the written 1961 contract by “competent testimony” does not, ipso facto, amount to a clear showing that the trial court erroneously applied an improper burden of proof as the judgment of the lower court is presumed to be correct and free from error. Florida Power & Light Company v. Ahearn, Fla.1960, 118 So.2d 21. Cf. Lamb v. Jones, Fla.App.1967, 202 So.2d 810.
GAC complains that the trial court committed reversible error in its interpretation of the amount of property involved under the 1961 contract between the parties. The contract contained ambiguous language concerning the amount of property involved under its terms and conditions. The evidence reflects that it was the intention of the parties for Carmine to write title insurance on all property “to be platted”, within the townships described in the agreement. See Bishop v. Orange Belt Securities Co., 127 Fla. 709, 174 So. 1 (1937); and Scotch Mfg. Co. v. Carr, 53 Fla. 480, 43 So. 427 (1907). There is substantial, competent evidence in the record to uphold a ruling that it was the intention of the parties to include all real property, even subsequently acquired property, located within the townships and ranges described in the agreement. 7 Fla.Jur. Contracts § 75. No reversible error has been clearly demonstrated under this point. Prudential Insurance Co. of America v. Latham, Fla.App.1968, 207 So.2d 733; and Wilson v. Rooney, Fla.App.1958, 101 So.2d 892.
The last point raised by GAC is that the trial judge abused his discretion in finding that 6% was a fair and reasonable rate of return for determining the present value of future attorneys’ fees when the undisputed evidence established that the prime interest rate was 8%.
The ruling on this matter amounted to the resolution of a factual conflict between the expert testimony of plaintiff’s witness, who testified that the appropriate rate was 5%% and the defendant’s expert witness who testified that the appropriate rate was 9%. We see no reversible error in this ruling and find that it was supported by competent substantial evidence in the record on appeal. See Renuart Lumber Yards v. Levine, Fla.1950, 49 So.2d 97; and Robertson v. Robertson, Fla.App.1958, 106 So.2d 590. There has been no showing that the final judgment herein appealed is clearly erroneous and it is, therefore,
Affirmed.