PER CURIAM.
This matter is before the Court on Petition for Approval of Conditional Guilty Plea and Entry of Final Order of Discipline.
On February 16, 1976, as a result of a stipulation between Respondent, Herman Cohen, and The Florida Bar, Bar counsel filed with the referee in these proceedings an Amended Complaint charging Respondent with violations of Disciplinary Rules 5-101 (A), 5-105(A), 5-105(B) and 6-102(A) of the Code of Professional Responsibility. The Amended Complaint reads as follows:

AMENDED COMPLAINT

“THE FLORIDA BAR, complainant, files this Complaint against HERMAN COHEN, respondent, pursuant to Article XI of the Integration Rule of The Florida Bar, as amended and alleges:

COUNT 1

1. The respondent, HERMAN COHEN, is, and at all times hereinafter mentioned was, a member of The Florida Bar, subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
2. This Complaint is filed by The Florida Bar, by direction of its Board of Governors, and all conditions prerequisite to the filing of this Complaint, required by the Integration Rule, have been fulfilled.
3. On or about August 28, 1972, Mr. Leslie J. Castroarias contacted respondent to inquire about his representing Mr. Castorarias (sic) in various legal matters, including respondent’s obtaining a loan for Mr. Castorarias (sic).
*307 4. At the August 28, 1972, meeting, respondent loaned Mr. Castroarias the sum of $1,000, in the form of two checks: one check for $800 made payable to John Frederick, Realtor, Escrow Account, and one check for $200 made payable to Leslie Castro. Leslie Castro and Leslie Castroarias are the same person.
5. At the time the loan was made, Mr. Castroarias executed a 30-day promissory note for $1,000, and both Mr. and Mrs. Castroarias executed a second mortgage on the home they were about to buy.
6. Although the note and the mortgage executed by Mr. and Mrs. Cas-troarias were blank at the time they signed it, they believed that the money was being loaned to them by respondent.
7. Sometime after Mr. and Mrs. Cas-troarias left respondent’s office the name of the payee on the note and the mortgagee on the second mortgage was filled in as Charlotte Vogel, respondent’s sister and client.
8. When respondent loaned $1,000 to Mr. Castroarias on August 28, 1972, he was representing either himself or his client, Mrs. Charlotte Vogel.
9. At the time of the $1,000 loan to Mr. Castroarias, respondent agreed to represent Mr. Castroarias in several minor legal matters arising out of Mr. Cas-troarias’ operation of a gasoline station, and respondent subsequently did handle various legal matter for Mr. Castroarias.
10. Respondent represented Mr. Cas-troarias at the closing of the house Mr. Castroarias was purchasing on or about September 22, 1972, despite the fact that Respondent knew prior to accepting this employment that he already represented a client, Mrs. Charlotte Vogel, who had interests adverse to those of Mr. and Mrs. Castroarias.
11. In November 1972, respondent foreclosed against his client, Mr. Cas-troarias, in behalf of either himself or his client, Mrs. Vogel, on the second mortgage on Mr. Castroarias’ house.
12. Hearing on Mrs. Vogel’s suit to foreclose the mortgage was held on or about December 28, 1972, and final judgment was entered on January 5, 1973, for Mrs. Vogel. The judgment included an award of $500 as attorney’s fees.
13. The house Mr. Castroarias had purchased was sold at public auction on or about February 8, 1973, and was purchased by Mr. Ronald Barron, an acquaintance of respondent.
14. By reason of the foregoing, respondent has violated Disciplinary Rules 5-101 (A), 5-105(A) and 5-105(B) of the Code of Professional Responsibility.

COUNT II

15. Complainant realleges the matters contained in paragraphs one through 13 of Count I.
16. On or about July 17, 1973, respondent handed to Mr. Castroarias two blank general release forms with pencil notations on how to fill out the blanks.
17. Respondent advised Mr. Castroar-ias that if he would release respondent from all liability for professional misconduct in his transactions with Mr, Castroarias, that respondent would assist him in obtaining title to Castroarias’ house.
18. Mr. Castroarias refused to sign the release given him by respondent.
19. By reason of the foregoing, respondent has violated Disciplinary Rule 6-102(A) of the Code of Professional Responsibility.”
The Conditional Guilty Plea filed by Respondent, Herman Cohen, is hereby approved by the Court and said Respondent is hereby disciplined by public reprimand *308 to be published in the Southern Reporter based upon the facts set forth above. The publication of this Opinion shall serve as the public reprimand to Respondent.
Costs in the amount of Six Hundred Fifteen Dollars and Ninety-Nine Cents ($615.99) are hereby taxed against Respondent.
IT IS SO ORDERED.
OVERTON, C. J., and ADKINS, BOYD, ENGLAND and HATCHETT, JJ., concur.