PER CURIAM.
This proceeding is before the Court on the petition of Herman Cohen challenging the referee’s recommendation that Cohen be suspended from the practice of law for ninety-one days. We have jurisdiction. Art. V, § 15, Fla.Const. We agree with the referee’s guilt determination and recommended discipline.
The referee found that Cohen advised Spike Von Zamft, the sole shareholder of N.I. Meats, Inc., to execute a mortgage and a note from the corporation to both Yon Zamft and himself. Later, the two parties foreclosed on the mortgage, and Cohen filed an Affidavit of Indebtedness claiming that the corporation owed Von Zamft and himself $60,000 on the note plus $3,000 interest. The referee found that the entire transaction was established to prevent paying high liability insurance premiums and *393 damages to possible claimants against the corporation. Further, the referee noted that no indebtedness ever existed.
After making the factual findings, the referee determined that Cohen violated D.R. 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); D.R. 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice); D.R. 1-102(A)(6) (engaging in conduct adversely reflecting on his fitness to practice law); D.R. 7-102(A)(3) (concealing or knowingly failing to disclose that required by law to be revealed); D.R. 7-102(A)(4) (knowingly using perjured or false evidence); D.R. 7-102(A)(6) (participating in the creation or presentation of false evidence); and D.R. 7-102(A)(7) (counseling or assisting his client in illegal or fraudulent conduct).
The referee recommended that Cohen be suspended from the practice of law for ninety-one days with reinstatement upon proof of rehabilitation. Cohen challenges the referee’s report.
Cohen has a history of disciplinary problems. In 1976, this Court publicly reprimanded him for misconduct. The Florida Bar re Cohen, 331 So.2d 306 (Fla.1976). Further, in Cohen v. New Sunrise Investment Corp., No. 76-16246 (Fla. 11th Cir.Ct. Apr. 9, 1986), the Eleventh Judicial Circuit held that Cohen had transferred real properties fraudulently and ordered the conveyances to be set aside.
We find that the referee’s report is fully supported by the evidence and approve the recommended discipline. Accordingly, we suspend Herman Cohen for ninety-one days and thereafter until he proves rehabilitation. To enable him to close out his practice in an orderly manner and protect his clients’ interests, his suspension shall commence November 21, 1988; however, he shall accept no new business from the date of this opinion.
The referee also recommended that Cohen pay the costs associated with the proceedings. We agree. Judgment is entered against Herman Cohen for costs in the amount of $1,650.02, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.