PER CURIAM.
Cohen seeks review of a referee’s report recommending that he not be reinstated to membership in The Florida Bar. We have jurisdiction under article V, section 15, of the Florida Constitution.
Cohen received a ninety-one-day suspension from the practice of law for engaging in fraudulent conduct. The Florida Bar v. Cohen, 534 So.2d 392 (Fla.1988). The suspension was to commence on November 21, 1988, and reinstatement was conditioned upon proof of rehabilitation. Cohen filed his petition for reinstatement on February 24, 1989, and a hearing on the matter was held July 19, 1989.
At the hearing the referee found that rehabilitation was not satisfactorily shown. The referee concluded that Cohen had: (1) attended a deposition and negotiated with another attorney concerning the settlement of a pending case while on suspension; (2) failed to remove his name from his office building while on suspension; (3) failed to notify his clients that he had been suspended; and (4) showed no genuine sense of remorse for the misconduct which led to his suspension.
The burden is on Cohen to establish that he is entitled to resume the privilege of practicing law without restrictions. In re: Petition of Dawson, 131 So.2d 472 (Fla.1961). Cohen contends that he only attended the deposition as an observer. He says that his failure to remove his name from the building was an oversight. He also points to the testimony of several witnesses who said that he is of good moral character and demonstrable professional ability and integrity.
To support reversal of the referee’s report, Cohen must show that the report is unsupported by the evidence. In re Williams, 538 So.2d 836, 837 (Fla.1989). After careful consideration of the referee’s report, the record, and the briefs of the parties, we find that Cohen has failed to meet this burden. We approve the referee’s report.
Accordingly, Cohen’s petition for reinstatement is denied. Judgment for costs in the amount of $909 is hereby entered against Cohen, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.