LETTS, Judge.
We affirm the trial court’s final judgment, which we reproduce in toto as follows:
Final Judgment
This action was tried before the court sitting in equity without a jury on October 23rd and October 24th, 1989. The court received testimony from numerous witnesses, reviewed Plaintiff’s 18 documents in evidence, Defendant’s nine documents in evidence, and listened to the arguments of counsel. Having reviewed all the evidence, the court makes the following findings of fact:
1.This case concerns an express Easement (“Easement”) dated January 21, 1965 between John and Vera Anderson (“Anderson”) and Martin County (“the County”). In this Easement Anderson gave the County an easement measuring 60 feet by 196 feet located between U.S. Highway One and the Intracoastal Waterway, in a subdivision known as Sandy Depths, Martin County, Florida. The Easement stated the County was to receive, ... a permanent Easement and right-of-way to provide access to a public boat launching ramp, over the land hereinafter described ... and ... a right-of-way or channel from the public boat launching ramp located on said property, to the Intracoastal Waterway, ...
The Easement used a metes and bounds legal description although the property encumbered is also known as the North one-half of lot 4 and lot 5, Sandy Depths.
2. In 1969 Plaintiff purchased the North one-half of lot 4 and all of lot 5, Sandy Depths, with no actual knowledge of the Easement. This property is also described by metes and bounds. Plaintiff is the owner of this property. Plaintiff first discovered the Easement in the summer of 1984.
3. The legal description in the Easement was incorrect, improperly placing the Easement on lots 4 and 5, when the intent of both Anderson and Martin County was to place the Easement on lot 6. The court received evidence from numerous witnesses concerning the fact that Martin County, Anderson, and Anderson’s predecessor in title, Louis and Margaret Schneider, all intended to place the Easement on lot 6. This evidence included statements from the 1965 Chairman of the Board of County Commissioners of Martin County, statements from the attorney for Anderson, and statements from the attorney for Louis and Margaret Schneider. In addition, neighbors and others testified that the understanding and reputation in the community was that the Easement was located on lot 6. In fact, the court received no evidence that the intention of the parties was to place the Easement on lots 4 and 5, only that the Easement should have been placed on lot 6.
4. The court also heard unrebutted expert testimony from a real estate title attorney and also from a professional land surveyor that the Easement was intended to be placed on lot 6. They testified that the angles and distances of the legal description in the Easement matched up with lot 6 but not with lots 4 and 5, and that the Easement as placed produced a small sliver of unusable land on Plaintiff’s property and actually encroached on a third party’s property.
5. The existence of the Easement on Plaintiff’s property renders Plaintiff’s title unmarketable.
6. The County is in pari delicto with Anderson concerning the incorrect legal description in the Easement.
*1380 7. The County has accepted ad valorem taxes from Plaintiff concerning the North half of lot 4 and lot 5, Sandy Depths, for 24 years.
8. Lot 6 is the only lot where a boat ramp Easement would make sense because it is the only lot on which there is a channel or small inlet which would be appropriate for a boat ramp.
9. Plaintiff is in privity with Anderson.
10. On or about March 1, 1965, less than two months after the creation of the Easement, the County was placed on notice of the fact that a mistake was made in the Easement. The County took no steps to correct the problem and made no attempt to assert its interest in the Easement until November 14, 1985, almost 20 years after the Easement arose, and 16 years after Plaintiff purchased his property. By acting prudently and taking prompt steps to correct the problem which it helped to create, the County could have avoided this situation.
11. The county’s own staff admitted that the boat ramp Easement is too small to be used by the County.
12. The County has never used the Easement since their interest first arose in this area in 1958, since the Easement was created in 1965, or since 1984 when the County stated it would soon use its interest.
13. The County has no fee interest in lost (sic) 4 and 5, only an Easement interest. Although the Easement gives the County the right to go to and from a boat ramp, no boat ramp is now located on this property, and no boat ramp has ever been located on this property. Therefore, the Easement has no purpose and is useless, further the Easement if continued would virtually eliminate the Plaintiffs ability to meaninfully (sic) use the remainder and would constitute a virtual confiscation.
Based on these findings of fact, it is
ORDERED AND ADJUDGED:
1.The Court finds for Plaintiff and against Defendant on Plaintiffs actions for quiet title, reformation, and abondonment (sic), as set forth below. At trial Plaintiff voluntarily dismissed its count for declaratory judgment.
2. As to the quiet title count, pursuant to section 65.061(2), Florida Statutes (1987), Defendant, Martin County, is not the rightful owner of Plaintiff, Bright W. Johnson’s, property. Martin County has asserted a claim through an easement which casts a cloud on the title of Bright W. Johnson, the rightful owner. Therefore, the title of Plaintiff, Bright W. Johnson, to the following described real property in Martin County Florida:
[Omitted is the detailed metes and bounds description, unnécessary to support this opinion.]
is a good title against the claims or purported claims of Defendant, Martin County, and all other parties claiming by, through, under, or against Martin County, and these claims or purported claims are cancelled, and the title to the property is forever quieted in Plaintiff.
3. At (sic) to the reformation count, the court finds that Plaintiff has proved its right to reformation by clear and convincing evidence. The Easement clearly failed to express the real agreement or intention of the parties that the Easement be placed on lot 6 instead of lots 4 and 5. Therefore, the court orders the Easement cancelled and extinguished as a matter of right, use, and record, and orders the clerk of court to make such a notation on the Easement in the public records of Martin County.
4. As to the count for abandonment, the court grants Plaintiff relief under the theory of equitable estoppel. Because of Martin County’s acts, words, and silence, Martin County lead Bright W. Johnson to take a position whereby the assertion of the County’s legal title would be contrary to equity and good conscience. Therefore, the court orders the Easement cancelled and extinguished as a matter of right, use, and record, and orders the clerk of court to make such a *1381 notation on the Easement in the public records of Martin County.
5. Plaintiff is the prevailing party in this action and the court reserves jurisdiction to award court costs.
This final judgment is not without unfortunate language. It is our view that an easement cannot be reformed by cancellation. Accordingly, we do not agree with the court’s adjudication in paragraph 3, though the facts set out in that same paragraph support cancellation. Notwithstanding, we cannot hold that the trier of the fact abused his discretion under the facts of this case. The county has been on notice of this mutual mistake for nearly twenty years and did nothing about it and admits it had no actual knowledge of the existence of this easement prior to 1984, when brought to its attention by the appel-lee. This suit was brought in equity and the trial judge has decided it on sound, equitable principles. The trial court’s misstatement as to reformation does not vitiate the remaining language of the final judgment. As to paragraph 3 above, the judgment was right for the wrong reason. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
The county cites to Wiggins v. Lykes Bros., Inc., 97 So.2d 273 (Fla.1957) for the proposition that an easement by grant cannot be extinguished by nonuser. However, unlike Wiggins where the original grant was not under attack, the grant of the easement sub judice clearly was never intended to encumber the property on which the erroneous description placed it. In any event, the Wiggins decision does not preclude extinguishment of the easement by abandonment and/or estoppel, both of which were found to exist in the case now before us. Good conscience dictates that this cause be affirmed and we herewith do so.
AFFIRMED.
DOWNEY and WALDEN, JJ., concur.