PER CURIAM.
We conclude that no reversible error has been demonstrated in the primary judgment below entered after a non-jury trial and challenged on the main appeal. Cobb v. Cobb, 82 Fla. 287, 89 So. 869 (1921); see Martin County v. Johnson, 570 So.2d 1378, 1381 (Fla. 4th DCA 1990); GAC Properties, Inc. v. Carmine, 258 So.2d 466 (Fla. 3d DCA 1971).
On the cross-appeal, however, we conclude that Cohen is entitled to recover $46,-500, plus interest, in accordance with a stipulation of the parties which was not, but should have been, enforced below. See 2 Fla.Jur.2d Agreed Case and Stipulations § 15 (1977). In reaching both of these determinations, we have applied the rule that the fact that a party has engaged in inequitable conduct as a general matter or with respect to the public or a third person, see The Florida Bar v. Cohen, 534 So.2d 392 (Fla.1988), reinstatement denied, 560 So.2d 785 (Fla.1990), does not affect his legal rights as to another person to whom the improper activity was not directed. Miller v. Berry, 78 Fla. 98, 82 So. 764 (1919).
Affirmed in part, reversed in part.